Baker *v.* Pittsburgh Forgings Co. et al.,
Appellants.

Argued April 15. 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Leonard P. Kane, Jr.,* with him *Brandt, Riester, Brandt and Malone,* for appellants.

*Ralph F. Smith,* for appellee.

OPINION BY WATKINS, J., June 10, 1959:

This is an appeal in a workmen's compensation case where the referee, the workmen's compensation board and the County court of Allegheny County held that

dentures supplied to the claimant were compensable under the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as variously amended. The section of the act involved in this appeal is Section 306 (f) finally amended by the Act of 1956, February 28, P. L. 1120, Sec. 1, 77 PS §531, to provide, inter alia, as follows:

"During the first six months after disability begins, the employer shall furnish reasonable surgical and medical services, medicines and supplies, as and when needed . . . In addition to the above services, medicines and supplies, hospital treatment, services and supplies and orthopedic appliances and protheses shall be furnished by the employer for the said period of six months."

In this case the appellee claimant, Maurice G. Baker, was struck violently on the top of the head by a heavy piece of steel, a clutch weight, which caused a concussion, laceration of the scalp and broke the appellee's dentures. He suffered total disability for an extended period of time and thereafter a partial disability to the present date. The dentures were destroyed directly and immediately by the physical violence of the blow to the appellee's head.

The appellant admits the destruction of the dentures but argues that the act did not contemplate the repair or replacement of artificial parts damaged by industrial accidents but merely the providing of artificial parts when this became necessary as the result of an accident. There seems to be no dispute as to the definition of protheses being an artificial substitute for a missing part as denture, hand, leg or eye. The question in dispute is whether damage as to such substitutes, constitutes "violence to the physical structure of the body" as provided in sec. 301 (c) of the Workmen's Compensation Law.

The Workmen's Compensation Board adopted Rule 29 which reads: "Protheses shall include eye glasses and dentures where made necessary by the injury, or broken by the accident . . ." The board held in this case that damage to artificial teeth is violence to the physical structure of the body and that dentures used by an individual become an integral part of the physical body and by their usage become indispensable to the user so much so that they are in effect part and parcel of that physical make-up.

Dentures placed inside the mouth as a substitute for one or all of one's teeth do become an integral part of the mouth, necessary for speech, eating, appearance, sustenance and the well being of the entire body. They become as much a part of the human body as the original teeth that they replaced and we agree with the court below that it is a fair and reasonable interpretation that it was the intention of the legislature "to broaden the coverage of the act so that not only would orthopedic appliances and protheses be furnished when such were made necessary by injury, but also to replace those injured or destroyed by accidents happening within the purview of the act. Certainly, such parts as dentures or artificial limbs are as much a part of the human body as the original members which they replace."

Judgment affirmed.