DENNIS P. AGOSTINHO *vs.* KAISER ALUMINUM & CHEMICAL CORPORATION.

FEBRUARY 12, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an original petition for workmen's compensation. The cause is here on the petitioner's appeal from a decree of the workmen's compensation commission denying and dismissing the petition.

There is no controversy about the facts. The commission found that "petitioner was struck in the mouth and face, injuring his gums, by a piece of strapping, while performing his usual work in the employ of the respondent * * *." As a result of the accident petitioner's artificial denture was damaged beyond repair and had to be replaced at a cost of $90. The petitioner claimed that such damage was a medical expense in connection with a personal injury arising out of and in the course of his employment and should be compensated for in accordance with the intent of G. L. 1956, §§28-33-5 and 28-33-10. But the commission found expressly to the contrary that the denture was not a medical expense within the contemplation of the statute and that the replacement of the denture "was not required to cure and relieve petitioner from the effects of the injury * * *."

The petitioner contends that the commission erred in so holding and that it disregarded the intent of §§28-33-5 and 28-33-10. He further argues that the effects of his injury were swollen gums and a broken denture without which he was unable to eat solid food; hence replacement was necessary in the language of §28-33-5 "to cure, rehabilitate or relieve the employee from the effects of his injury * * *." The petitioner cites no authority here or elsewhere in support of his position but relies solely upon what he contends is the clear intent of the statute.

On the other hand respondent contends that damage to the denture is property damage and not a personal injury and that the workmen's compensation act provides benefits only for such an injury, citing G. L. 1956, §28-33-1. It further argues that §28-33-9 subjects the employer to liability only for "reasonable medical, dental and hospital services, and medicines necessary for the treatment of the injury," citing *Egan* v. *Walsh-Kaiser Co.*, 73 R. I. 399. But it relies for support of its principal contention that artificial dentures are personal property and cannot be the subject of a personal injury on *London Guarantee and Accident Co.* v.

*Industrial Commission,* 80 Colo. 162. In that case the court denied compensation for damage to an employee's wooden leg holding that the leg was property and therefore such damage could not be a personal injury.

It would appear from the research of counsel as evidenced by their briefs that there is a dearth of authority on this precise question. It is undoubtedly one of first impression here. *Egan* v. *Walsh-Kaiser Co., supra,* is clearly not in point. The narrow question decided there was that the cost of eyeglasses to correct a physical defect not attributable to the employee's accident was not a compensable expense. However, while *Egan* is not in point *London Guarantee and Accident Co.* is, although it does not appear from the very brief opinion of the court whether the Colorado statute contained provisions similar to those relied upon by petitioner in the case at bar. Another factor to be taken into account is that the Colorado case was decided in 1926. At that time workmen's compensation in this country was in its infancy and courts generally were disinclined to depart from the literal language of the statute. Since then in order to give effect to the underlying policy of the legislation there has been an increasingly liberal construction of it whenever reasonably possible rather than a rigid adherence to its letter.

This more liberal view is well exemplified in *Baker* v. *Pittsburgh Forgings Co.,* 189 Pa. Super. 469, a recent case on the precise question here. In fact it would appear from the court's opinion to be that rare phenomenon, a case on all fours. Indeed the wonder is that petitioner here did not cite it. As in the case at bar the employee's denture was destroyed directly and immediately by the physical violence of the blow. The referee, the workmen's compensation board and, on appeal, the county court all held that the loss of the denture was compensable as an integral part of the employee's body. The employer as in the instant case contended that this was clear error since dentures are personal property. But the superior court unanimously reject-

ed such contention and affirmed the judgment of the county court.

Speaking of the dentures the court said: "They become as much a part of the human body as the original teeth that they replaced and we agree with the court below that it is a fair and reasonable interpretation that it was the intention of the legislature 'to broaden the coverage of the act so that not only would orthopedic appliances and protheses [sic] be furnished when such were made necessary by injury, but also to replace those injured or destroyed by accidents happening within the purview of the act. Certainly, such parts as dentures or artificial limbs are as much a part of the human body as the original members which they replace.' "

We are of the opinion that such view is reasonably consistent with the intent of G. L. 1956, §§28-33-5 and 28-33-10, upon which the petitioner relies and that it is not inconsistent with §28-33-1 cited by the respondent. The term "personal injury" under that section should be construed to include dentures which are damaged or destroyed directly by an accident which happens in the course of an employee's employment. Such a construction of the act is justified in order to give full effect to the intention of the legislature implicit in its amendments providing compensation for dental services and replacement of dentures.

We have repeatedly held that the act should be given a liberal construction to effectuate its evident purpose and also that as a remedial statute and humanitarian legislation it was to be so construed. *Perri* v. *Scott Testers, Inc.*, 84 R. I. 91; *Shea* v. *Gamco, Inc.*, 81 R. I. 12; *Martin's Furniture Co.* v. *Perry*, 79 R. I. 199. As long as the resultant effect thereof does not distort the plain language of the act or its basic provisions we have consistently favored such construction. *Martinuzzi* v. *Capitol Marble & Tile Co.*, 79 R. I. 115; *Steele* v. *Darlington Fabrics Corp.*, 78 R. I. 272. In our opinion the evident purpose of the act will be served

without any such distortion by awarding the petitioner the sum of $90 as the cost of his replaced denture.

The petitioner's appeal is sustained, the decree appealed from is reversed insofar as it denies the petitioner such compensation, and the cause is remanded to the workmen's compensation commission with direction to enter a new decree in accordance with this opinion.

*Abedon, Michaelson and Stanzler, Raul L. Lovett,* for petitioner.

*Ambrose W. Carroll,* for respondent.

