22116

Arthur F. SMITH, Jr., Respondent, v. EAGLE CONSTRUCTION CO., INC. and Fidelity & Guaranty Insurance Company, Appellant.

(318 S. E. (2d) 8)

Supreme Court

*William E. Shaughnessy* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*Walter Bedingfield* and *Agnes Dale Moore,* Barnwell, for respondent.

Heard April 16, 1984.

Decided May 25, 1984.

NESS, Justice:

This is a worker's compensation case. Appellants, Eagle Construction Company, Inc., and Fidelity and Guaranty In-

surance Company, contend the trial court erred in affirming the Industrial Commission's determination that respondent, Arthur F. Smith, Jr., was entitled to lifetime replacement of his prosthetic device under S. C. Code Ann. § 42-15-60 as it existed prior to the 1980 amendment. We agree but affirm on other grounds.

In August 1977, while performing duties in the scope of his employment, Smith lost his right leg, and part of his pelvis and trunk as a result of an accident involving a backhoe. After hospitalization and a period of convalescence, he was fitted with a prosthetic device to facilitate his recovery. Within a relatively short period of time the prosthetic device proved to be unsatisfactory and was replaced, by agreement of the parties, with a new prosthesis. Smith then actively resumed his rehabilitation, which has since been impeded on several occasions by the frequent wearing out of various component parts of the prosthesis. Additionally, Smith has undergone a number of physiological changes, attributable to both normal growth and the effects of the accident, which have necessitated the replacement of the prosthesis, at a rate of approximately once every three to five years for the remainder of his life.

In November 1980, Smith, having been denied additional relief by appellants, filed a worker's compensation claim requesting lifetime repair and replacement of his prosthetic device. This request was granted by a single commissioner in January 1981, and affirmed by both the full commission and the circuit court in June 1981 and May 1982, respectively, on the basis that lifetime prothesis replacement constituted treatment "tend[ing] to lessen the period of disability" within the meaning of S. C. Code Ann. § 42-15-60, which allows the Commission to provide the additional treatment indefinitely.

Appellants maintain the trial court erred in affirming the Industrial Commission's decision, contending the legislature did not intend prosthetic devices to be construed as treatment "tend[ing] to lessen the period of disability" within the meaning of this section. We agree.

S. C. Code Ann. § 42-15-60 (1976, as amended) reads in pertinent part:

Medical, surgical, hospital and other treatment, including medical and surgical supplies as may reasonably be

required, for a period not exceeding ten weeks from the date of an injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability and, *in addition thereto, such original artificial members* as may be reasonably necessary at the end of the healing period shall be provided by the employer.

In construing a statute, the words must be given their plain and ordinary meaning. *Merchants Mutual Insurance Company v. South Carolina Second Injury Fund,* 277 S. C. 604, 291 S. E. (2d) 667 (1982); *Gambrell v. Travelers Insurance Companies,* 280 S. C. 69, 310 S. E. (2d) 814 (1983). Our review of the above-quoted section indicates the legislature did not intend to include the replacement of artificial limbs or prosthetic devices within the definition of treatment "tend[ing] to lessen the period of disability," as evidenced by the inclusion of the phrase "in addition thereto" immediately following the language empowering the Commission to authorize this treatment.

Additionally, the legislature's subsequent amendment of § 42-15-60 to provide lifetime replacement of prosthetic devices raises a presumption that these devices were not originally intended to be included within the remedies afforded by this section. *See North River Insurance Company v. Gibson,* 244 S. C. 393, 137 S. E. (2d) 264 (1964). We hold the trial court erred in affirming the Commission's construction of § 42-15-60.

Smith next argues he is entitled to lifetime prosthesis repair and replacement under the 1980 amendment to § 42-15-60, claiming the enactment is remedial and should be afforded retroactive effect. We agree.

"In the construction of statutes, there is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation unless" the statutes are remedial or procedural in nature. *Hercules, Inc. v. South Carolina Tax Commission,* 274 S. C. 137, 143, 262 S. E. (2d) 45, 48 (1980). "Statutes are remedial and [retroactive], in the absence of directions to the contrary, when they create new remedies for existing rights . . . enlarge the rights of persons under disability, and the like, unless [they] . . . violate some contract obligation. . . . Statutes directed to the enforcement

of contracts, or merely providing an additional remedy, or enlarging or making more efficient an existing remedy, for their enforcement, do not impair the obligation of the contracts." *Byrd v. Johnson* 220 N. C. 184, 16 S. E. (2d) 843, 846 (1941).

We hold the 1980 amendment to S. C. Code Ann. § 42-15-60 (1976) to be remedial in nature as it enlarges the rights of an individual under a disability without violating an existing contractual obligation. Consequently, we conclude the amendment should be given retroactive effect and hold Smith is entitled to lifetime repairs and replacement of his prosthetic device.

Affirmed.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and JOSEPH R. MOSS, as Acting Associate Justice, concur.