Bowlaway Lanes and Westmoreland Casualty Company, Petitioners *v.* Workmen's Compensation Appeal Board (Caparosa and Eleventh Frame Lounge and Aetna Life & Casualty Company), Respondents.

Argued March 11, 1985, before Judge MacPHAIL, and Senior Judges BLATT and BARBIERI, sitting as a panel of three.

*Francis E. Pipak, Jr.*, with him, *Joseph S. Weimer, Darragh, Buckler, Bebenek & Eck*, for petitioners.

*Walter E. Werner, III*, with him, *Matthew R. Wimer* and *Thomas J. Lowery, Reale, Fossee & Ferry, P.C.*, for respondents.

OPINION BY JUDGE BLATT, July 25, 1985:

Bowlaway Lanes appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision holding Bowlaway Lanes liable for workmen's compensation benefits payable to Joseph L. Caparosa (claimant), and which also dismissed the Eleventh Frame Lounge, a previous employer of the claimant, as a party to these proceedings.

The record indicates that the claimant suffered a work-related injury in 1975 while in the employ of the Eleventh Frame Lounge. Following this injury, he underwent two operations which resulted in the replacement of his hip joint with a prosthesis, and he received workmen's compensation benefits until October 1978. Thereafter, Bowlaway Lanes hired him as an Assistant Manager, and, while working there on December 21, 1979, in the course of lifting a bowling alley machine, he suffered a stress fracture to his artificial hip joint. The injury necessitated the replacement of the damaged hip joint with a new prosthesis.

Following the 1979 incident, the claimant filed a claim petition naming Bowlaway Lanes as the sole defendant. In turn, Bowlaway Lanes joined the Eleventh Frame Lounge, alleging that the claimant's current disability was the result of the 1975 injury. A second claim petition was then filed by the claimant naming only the Eleventh Frame Lounge as the defendant, and this petition was later amended to seek the reinstatement of benefits from the Eleventh Frame Lounge. The two petitions were thereafter consolidated for hearings before the referee.

The referee held that the 1979 incident resulted in a new injury and did not stem from the injury claimant had sustained while employed at the Eleventh Frame Lounge in 1975. He consequently ordered Bowlaway Lanes to pay the workmen's compensation benefits and the medical expenses incurred in the replacement of the claimant's damaged hip implant. Additionally, he dismissed the petition filed against the Eleventh Frame Lounge. Bowlaway Lanes then appealed to the Board which, in turn, affirmed the referee. The present appeal ensued.

The petitioner argues that the Board erred as a matter of law.[1] It contends that, pursuant to Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531, the Eleventh Frame Lounge is liable for the costs of replacing the damaged prosthesis.[2] The Eleventh Frame Lounge, on the other

---

[1] Our scope of review, of course, includes all questions of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

[2] The record reveals that the only injury which claimant sustained while lifting the bowling machine is a fracture in the femoral component of his artificial hip joint. Additionally, neither party contests that an injury did occur on December 21, 1979 while the claimant was in the course of his employment. The parties do disagree, however, on the issue of who is liable under the Act.

hand, contends that Section 306(f) of the Act is inapplicable here because the December 1979 incident resulted in a new injury,[3] and it argues that, because the injury was new and not an aggravation of a previous work-related injury, the responsibility for the payment of benefits rests with Bowlaway Lanes. Moreover, it maintains that the referee's finding that the fracture occurred when the claimant lifted the bowling machine on December 21, 1979 is supported by substantial and competent record evidence.

Section 306(f) of the Act provides, in pertinent part, that

[w]henever an employe shall have suffered the loss of a limb, part of a limb, or an eye, the employer shall also provide payment for an artificial limb or eye or other prostheses of a type and kind recommended by the doctor attending such employe in connection with such injury and any replacements for an artificial limb or eye which the employe may require at any time thereafter, together with such continued medical care as may be prescribed by the doctor attending such employe in connection with such injury as well as such training as may be required in the proper care of such prostheses.

77 P.S. §531(4). If we were to accept the analysis of Section 306(f) of the Act suggested by Bowlaway Lanes, the Eleventh Frame Lounge would be responsible for the costs of replacing the claimant's artifical hip joint at any time *regardless of how the prosthesis*

---

[3] We note that neither party challenged the Board's conclusion that damage to a prosthesis or artificial device constitutes an injury under the Act. Our research has not revealed any case law dealing precisely with this issue, although the case of *Baker v. Pittsburgh Forgings Co.*, 189 Pa. Superior Ct. 469, 151 A.2d 810 (1959) would lend support for this analysis. *See also* Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §5.21(30).

*was damaged.* We are not convinced, however, that Section 306(f) of the Act contemplates such a result.

It is clear, given the liberal interpretation afforded this legislation, that Section 306(f) of the Act makes the Eleventh Frame Lounge responsible for the costs of replacing the claimant's artificial hip joint if such replacement should be required because of normal wear or tear *or* because of obsolescence. *See Bealer v. Simmons,* 216 Pa. Superior Ct. 263, 264 A.2d 193 (1970). Here, however, the claimant alleges that the replacement has been necessitated as a result of a second work-related injury. Under such circumstances, we believe that it is the second employer who would be responsible for the costs of replacing the damaged prosthesis. Section 306(f) of the Act speaks of replacing artificial limbs or eyes at any time *"in connection with such injury"*, and we believe that the phrase "such injury" refers to the injury which resulted in the need for an artificial device or for replacement of such artificial device. We further believe that it follows, therefore, that, where the replacement of the prosthesis is necessitated by reason of a new injury, as defined in Section 301(c) of the Act, 77 P.S. §411, the employer as of the date of such new injury is liable to provide a replacement under Section 306(f) of the Act.

Turning to the instant appeal, the record indicates that the referee's finding that the injury here was a new injury and not caused by the original 1975 injury is based upon substantial competent evidence. Dr. Robert F. Botken, who testified on behalf of the Eleventh Frame Lounge, stated that "the juxtaposition of the activity [lifting of the bowling machine] and the proven fracture of the femoral component can't help but lead me to believe that the stress of lifting the . . . machine precipitated a fracture of the femoral

component which was not likely to have occurred without that stress.'' Moreover, Dr. Botken also testified that a hip joint prosthesis of this type would not have fractured under normal conditions within thirty-four months of its being surgically inserted in the claimant's leg. And, as we have previously stated numerous times, the fact that the Bowlaway Lanes expert medical witness' testimony conflicted with Dr. Botken's does not support a reversal of the Board's decision. Credibility determinations are for the referee in workmen's compensation cases, and we can not reverse an order simply because the referee chose to believe one medical expert over another. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976).

Accordingly, we will affirm the Board.

### ORDER

AND Now, this 25th day of July, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.