23581

Mary CORBETT, Respondent v. SOUTH CAROLINA DEPARTMENT OF YOUTH SERVICES, Employer, and State Workers' Compensation Fund, Carrier, Appellants.

(414 S.E. (2d) 778)

Supreme Court

---

*E. Ros Huff, Jr.* of the *State Workers' Compensation Fund,* Columbia, *for appellants.*

*Luther M. Lee* and *Sherod H. Eadon, Jr.* of *Lee, Eadon, Isgett and Popwell,* Columbia, *for respondent.*

Heard Jan. 21, 1992.

Decided Feb. 24, 1992.

TOAL, Justice:

The sole issue we address in this appeal is whether damage or destruction to a prosthesis which is a substitute for a natural body part and attached to the body at the time of the accident is compensable under workers' compensation when the accident is attenuated with other physical injury. We hold it is and affirm.

## FACTS

The facts are uncontroverted. Mary Corbett's dentures were destroyed in an accident arising out of and in the course of her employment. Mary Corbett was an employee of the Department of Youth Services. Two of the "clients" were involved in an altercation which Ms. Corbett attempted to end. In the process, she was hit in the mouth injuring her lip and breaking her dentures. She claimed the cost of replacement dentures and dentist bills as a result of the accident under workers' compensation. The carrier denied coverage. The single commissioner granted relief, the full commission affirmed, the circuit court affirmed and this appeal followed.

## LAW/ANALYSIS

The carrier argues that injury or destruction of a prosthesis is not physical injury under S.C. Code Ann. § 42-1-160 (1976).[1]

---

[1] "Injury" and "personal injury" shall mean only injury by accident arising out of and in the course of the employment.

We are aware of the five states that have followed this argument. *See* IB Arthur Larson, *The Law of Workmen's Compensation*, §§ 42.12-42.13 (1991). That line of cases begins with *London Guaranty & Accident Co.*, 80 Colo. 162, 249 P. 642 (1926) where the Colorado Supreme Court held "[a] wooden leg is a man's property, not part of his person, and no compensation can be awarded for its injury."

A more progressive, and it seems to us more persuasive, line of cases began with *Baker v. Pittsburgh Forgings Co.*, 189 Pa. Super. 469, 151 A. (2d) 810 (1959). In *Baker* the worker was injured when a heavy piece of steel fell on his head causing serious concussion, laceration of the scalp and broken dentures. *Id.*, 151 A. (2d) at 811. The Pennsylvania Court held that broken dentures were within the meaning of physical injury under their statute. Similarly in *LaRose v. Wurzburger Hof*, 28 A.D. (2d) 185, 283 N.Y.S. (2d) 902 (1967), the New York court found that a worker's dentures were within the meaning of physical injury when the injury to the prosthesis was attenuated with other bodily injury. This is the position adopted by the South Carolina Court of Appeals in *Lail v. Richland Wrecking Company, Inc.*, 280 S.C. 532, 313 S.E. (2d) 342 (Ct. App. 1984). We think S.C. Code Ann. § 42-1-160 (1976) defines personal injury broad enough to encompass repair or replacement of a prosthesis which is a replacement for a natural body part when the prosthesis is damaged or destroyed in a work related accident and accompanied by other physical injury.

Next, the carrier argues that under this court's interpretation of S.C. Code Ann. § 42-15-60 (1976 & 1980) in *Smith v. Eagle Construction Co.*, 282 S.C. 140, 318 S.E. (2d) 8 (1984) recovery is barred. S.C. Code § 42-15-60 reads in part:

> Medical, surgical, hospital and other treatment, including medical and surgical supplies as may reasonably be required, . . . to effect a cure or give relief . . . and, in addition thereto, *such original artificial members* as may be reasonably necessary at the end of the healing period shall be provided by the employer. [Emphasis added.]

In *Smith* this Court held that under S.C. Code Ann. § 42-15-60 (1976) an employer was not responsible for replacement prosthesis when the employer provided an original prosthesis

for the natural body parts lost in the accident. *Id.* at 143, 318 S.E. (2d) at 9. S.C. Code Ann. § 42-15-60 was amended in 1980 to provide that the employer must supply lifetime replacement prostheses when the accident produced the need for the prosthesis. This Court in *Smith* applied the amendment retroactively. Thus, the worker in *Smith* was allowed to recover. The New York court addressed this precise issue under a similar statute in *LaRose v. Wurzburger Hof,* 28 A.D. (2d) 185, 283 N.Y.S. (2d) 902 (1967). The New York statute was also amended to provide for replacement prostheses when the accident caused the need for the prosthesis. The New York court held that the language in the statute requiring the employer to provide only the original prosthesis had no further meaning after the amendment. We find the logic in *LaRose* to be sound and we believe the term "original prosthesis" in S.C. Code Ann. § 42-15-60 (1976 & 1980) has no further meaning after the 1980 amendment to the statute.

We note that at least eleven states and the federal workers' compensation statutes have been amended since 1951 to provide for repair or replacement of prosthesis when the prosthesis is damaged or destroyed in a work-related accident. *See* 1B Arthur Larson, *The Law of Workmen's Compensation,* §§ 42.12-42.13 (1991). The rule we adopt today is much narrower than many of our sister states. However, we are constrained by our statute as it exists.

The carrier's remaining exceptions are without merit. We affirm the circuit court.

HARWELL, C.J., FINNEY, MOORE, JJ., and Acting Associate Justice ALEXANDER M. SANDERS, Jr., concur.