**Robert J. PETRILLA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PEOPLE'S NATURAL GAS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 1996.

Decided April 10, 1997.

Lawrence P. Lutz, Butler, for petitioner.

Joseph Mack, III, Pittsburgh, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Robert J. Petrilla (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the

referee's decision denying his petition for review. The issues raised on appeal are: (1) whether under Section 306(f) of the Workers' Compensation Act (Act),[1] Claimant is entitled to reimbursement for home nursing care provided by his wife; and (2) whether a van equipped with special devices designed to enable Claimant to travel in his wheelchair constitutes "orthopedic appliances" under Section 306(f) of the Act.

Claimant, while employed by People's Natural Gas Company (Employer), sustained a work-related injury on January 23, 1979 and began receiving total disability benefits pursuant to a notice of compensation payable. Due to the work injury, Claimant became a paraplegic, and he is currently confined to a wheelchair.

On December 11, 1991, Claimant filed a petition for review, alleging that Employer refused to provide medically necessary transportation and pay for reasonably incurred medical expenses for home nursing care provided by his wife. In its answer, Employer alleged that it had offered to retrofit Claimant's vehicle with hand controls or other modifications to enable him to drive, that it had no obligation to provide the vehicle itself, and that it had no obligation to pay for the services provided by Claimant's wife, who was not a duly licensed practitioner of the healing arts.[2]

To support the petition, Claimant and his wife testified at the hearing. Claimant also presented the deposition testimony of his treating physician, Gilbert Brenes, M.D. The following facts found by the referee are undisputed. Claimant needs home nursing care for regular catheterization, daily bowel train-

ing and assistance in getting in and out of bed, getting dressed and his daily exercises. In addition, Claimant must be turned in his bed every two hours to avoid skin problems. Claimant's wife received training for home nursing care at the Harmarville Center where Claimant was treated. She provided home care for Claimant until she left him in April 1990. Employer thereafter provided nursing care until Claimant was discharged from the Harmarville Center on August 16, 1990 upon his wife's return. Claimant's wife again left Claimant in August 1991, and Employer has since provided nursing care for Claimant. Claimant requested reimbursement for the services provided by his wife in the amount of $100 per day.

The Harmarville Center prescribed a specially equipped van for Claimant because he could no longer transport himself in a standard size car with modified controls due to his medical conditions. Claimant requested $37,940 for such a van.

■ The referee denied Claimant's petition, concluding that the services provided by Claimant's wife did not fall within "services rendered by duly licensed practitioners of the healing arts" under Section 306(f)(1) of the Act, and further, that the requested van similarly did not fall within "orthopedic appliances" under Section 306(f)(4). On appeal, the Board affirmed the referee's decision.[3]

■ Claimant first contends that the home nursing care provided by his wife is recoverable under Section 306(f)(1) of the Act in effect when Claimant filed the petition. Section 306(f)(1) provided that "[t]he employer shall provide payment for reasonable sur-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531. Section 306(f) was renumbered as Section 306(f.1) when the Act was amended by the Act of July 2, 1993, P.L. 190 (Act 44).

2. In 1988, a referee denied Claimant's previous petitions for review requesting, *inter alia*, a van and the remodeling of his home. The referee found that Employer had made good-faith offers to remodel Claimant's home and provide a full-size automobile with hand controls and a light weight wheelchair. The parties subsequently entered into a release and trust agreement, under which Employer agreed to provide funding for new construction of Claimant's home in the amount of $270,000. Based on that agreement,

the Board on December 18, 1990 ordered Employer to pay Claimant $228,704.58, and Claimant's requests for a van and reimbursement for home nursing care were withdrawn. The Board later directed that Claimant's appeal from the referee's decision be withdrawn.

3. This Court's standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lenzner Coach Lines v. Workmen's Compensation Appeal Board (Nymick)*, 158 Pa.Cmwlth.582, 632 A.2d 947 (1993).

gical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed.... "[4] Services provided to a claimant by someone who is not a licensed practitioner of the healing arts, to be recoverable under Section 306(f)(1), must be provided under the supervision of a practitioner, or at a minimum, by a referral from the practitioner. *Morwald v. Workmen's Compensation Appeal Board (Engineering & Refrigeration, Inc.)*, 143 Pa.Cmwlth.511, 599 A.2d 307 (1991).

In this matter, it is undisputed that Claimant's wife provided the care without any supervision of Dr. Brenes or any other licensed practitioner. Moreover, the mere fact that Claimant's wife received training for the home nursing care of her husband at the Harmarville Center does not make her services compensable under Section 306(f)(1).

In *Linko v. Workmen's Compensation Appeal Board (Roadway Express, Inc.)*, 153 Pa.Cmwlth.552, 621 A.2d 1188 (1993), after the claimant sustained the work injury, his wife left her job as a nurse's aide to care for the claimant. The claimant later sought reimbursement for the services provided by his wife during his convalescence. This Court held that the claimant was not entitled to reimbursement, noting, *inter alia*, that the claimant did not actually pay for the services rendered by his wife, and that her care for her husband was not different from that which husband or wife would perform for an injured spouse.

As in *Linko*, Claimant did not hire his wife for the home nursing care, nor did he pay for her services. Rather, she voluntarily provided the care to her injured husband. As the Supreme Court observed, "[t]he plaintiff cannot recover for the nursing and attendance of the members of his own household, unless they are hired servants" because such care by family members "involves the performance of the ordinary offices of affection, which is their duty...." *Goodhart v. Pennsylvania Railroad Co.*, 177 Pa. 1, 14, 35 A. 191, 192 (1896). Hence, the referee and the Board properly concluded that Claimant is not entitled to reimbursement for the services provided by his wife under Section 306(f) of the Act.

■ Claimant next contends that Employer must provide a specially equipped van to enable him to travel in his wheelchair. Section 306(f)(4) provides that the employer must pay for "medicines and supplies, hospital treatment, services and supplies **and orthopedic appliances,**[5] and prostheses." 77 P.S. § 531(4) (emphasis added). Employer is willing to provide the necessary modifications to a van, but refuses to provide a van itself. Employer contends that the van requested by Claimant does not fall within "orthopedic appliances" under Section 306(f)(4).

In *Rieger v. Workmen's Compensation Appeal Board (Barnes & Tucker Co.)*, 104 Pa.Cmwlth.42, 521 A.2d 84 (1987), this Court held that a wheelchair is an "orthopedic appliance," and that devices which will aid the claimant in the use of his wheelchair, such as the bars placed in a bathroom, ramps leading to and from his home, as well as retrofitting of claimant's automobile with hand controls, also fall within the definition of "orthopedic appliances" under Section 306(f)(4). The Court reasoned:

[A] wheelchair was in fact a necessity for the claimant, and if a wheelchair is necessary, then it logically follows that minor modifications needed to facilitate the use of the appliance must also be considered a necessity....

[T]he intent of the Act is not that a claimant be forced either to rely upon the charity of his family and friends or to rely

---

4. Section 306(f)(1) of the Act was amended by Act 44 of 1993 on July 2, 1993 and renumbered as Section 306(f.1)(1)(i), effective in 60 days. It now provides: "The employer shall provide payment ... for reasonable surgical and medical services, services rendered by physicians or other health care providers...." 77 P.S. § 531(1)(i). The term "Health Care Provider" is defined in Section 109 of the Act, 77 P.S. § 29, as "any person ... licensed or otherwise authorized by the Commonwealth to provide health care services...." Section 109 of the Act was added by Section 3 of Act 44.

5. Section 306(f)(4) of the Act was renumbered Section 306(f.1)(1)(ii) by Act 44 of 1993, *see* note 4, *supra;* this section, however, contains essentially the same language as before.

upon hired assistance in order to perform those daily tasks, duties and business that he was previously able to perform, when a simple, inexpensive remedy is available at hand. If the claimant's injuries make it impossible to leave his home, the remedial nature of the Act would be frustrated by a failure to provide a one-time expenditure. *Id.* at 87.

In the matter *sub judice,* the referee accepted Dr. Brenes' testimony and found that due to his conditions of bilateral carpal tunnel syndrome and rotator cuff syndrome in his right shoulder, which are related to the 1979 work injury, Claimant was no longer able to transport himself in a standard size automobile with modified controls, and that he therefore needed a van with various modifications. Dr. Brenes stated in his July 21, 1992 medical report:

> I have, therefore, prepared a prescription for the type of vehicle that will be necessary to allow Mr. Petrilla to transport himself from place to place. I believe that such a vehicle is a medical necessity as it will enable him to obtain treatment without assistance and possibly alleviate the existing home care needs.

Employer has acknowledged and agreed that it is responsible for the necessary modifications to a motor vehicle, including a van, which would be necessary because of Claimant's handicaps. However, Employer argues that it should not have to pay for the cost of the van itself.[6] The WCJ agreed and reached the conclusion that the issue was one of pure law and statutory interpretation and that a van was not an "orthopedic appliance" within the meaning of Section 306(f)(4) of the Act. The Board affirmed and the issue now presented on appeal is a further extension of

this Court's holding in *Rieger;* one which has not been squarely addressed in this Commonwealth, but has recently been addressed in our sister state of Maryland.

In *R & T Construction Co. v. Judge,* 323 Md. 514, 594 A.2d 99 (1991), a quadriplegic injured worker filed a workers' compensation claim for a specially equipped van and, *inter alia,* the cost of enlarging and remodeling his home to accommodate his "sip and puff" controlled wheelchair.[7] In an extensive and wide-ranging opinion which considered the case law and similar compensation statutes in a number of other states, including this Court's decisions in *Rieger* and *Bomboy,*[8] the Maryland Court of Appeals held that a specially equipped van is not compensable "medical equipment or apparatus" under Article 101, § 37(a) of the Maryland Code (1957, 1985 Repl.Vol.), which is Maryland's equivalent of our Workers' Compensation Act provision. The *R & T* Court went further and, quoting A. Larson, 2 *The Law of Workmen's Compensation* § 61.13(a), at 10–863 (1989), summarized the case law on the issue by stating that "[a]s to specially-equipped automobiles for paraplegics, the cases have uniformly denied reimbursement, on the ground that an automobile is simply not a medical apparatus or device." 323 Md. at 531, 594 A.2d at 108 (footnote omitted).

∎ While not controlling the resolution of the issue in this Commonwealth, of course, the statutory language in Maryland's statute is strikingly similar to ours and compels the same logical analysis. First, "medical apparatus or prosthetic appliance" (Md.) and an "orthopedic appliance" (Pa.) have, for our purposes, almost identical definitions and are thus very similar in scope. Obviously, neither the phrase "**medical** apparatus or pros-

---

6. Claimant submitted an unitemized bid for a modified van in the amount of $37,940 which the WCJ found to be "not accurate" because the bid was over three years old and called for a more expensive model and for more equipment and furnishings than was approved as necessary by the Harmarville Center. WCJ's finding No. 14. The WCJ stated that he would "address only the basic issue: whether or not the employer is required to furnish the van itself."

7. By breathing in and out ("sip and puff") the claimant could maneuver his mechanized chair

forward and backward; he could not, however, navigate through many of the doorways in his home by himself because of the narrow clearances of the door jambs.

8. *Bomboy v. Workmen's Compensation Appeal Board (South Erie Heating Co.),* 132 Pa.Cmwlth. 169, 572 A.2d 248 (1990) (Employer was not responsible for $30,000 to $35,000 in additional home modifications once having paid for modifications to claimant's basement as a wheelchair accessible living space, with a bedroom and bathroom, at a cost of $5,000).

thetic **appliance**" nor the term "orthopedic **appliance**," in this context, refers to a motor vehicle for general transportation use.[9] The general use of a vehicle must, of course, be distinguished from the retrofitting of that vehicle, without which the vehicle could not be operated by the claimant. It is the modifications and additional "appliances," not the vehicle itself, which are necessary to accommodate the claimant's work-related injury. Thus, the special retrofitting is an "orthopedic appliance," *Rieger*, while a van itself is not.

Second, by analogy, while the special remodeling of an injured worker's home to make it wheelchair accessible might be analogous to the cost of retrofitting a motor vehicle so that the vehicle is accessible to a paraplegic, the cost of the van itself might also be analogized to the cost of purchasing the home itself, which is noncompensable; to argue that these latter costs should be compensable is simply untenable.

Finally, considering only the cost of the van in this case, *i.e.*, $37,940, which would have a limited life expectancy, we would have to further conclude that the expenditure would be prohibitive under *Bomboy*, where the Court found that a cost of $30,000 to $35,000 for additional modifications in the home to accommodate the claimant's wheelchair were unreasonable after the employer had already spent $5,000 to convert the claimant's basement into living quarters. The *Bomboy* Court opined:

> Moreover, in *Rieger*, the employer modified the claimant's home at a cost of $433.02. In this case, the employer had already provided approximately $5,000.00 in modifications, and the claimant now seeks additional modifications, at a cost of approximately $30,000.00 to $35,000.00

> Because additional home modifications would result in a substantial cost burden on the employer, and because the claimant proposed no alternatives, we conclude that *Rieger* does not support the claimant's request for an attached garage and a wheelchair lift.

572 A.2d at 250. The cost of providing a $37,940 vehicle would be equally as burdensome.

Accordingly, we affirm the determination of the Board.

### ORDER

**AND NOW**, April 10, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

MIRARCHI, Jr., Senior Judge, dissenting:

Robert J. Petrilla (Claimant) sustained a grievous work-related injury which rendered him a paraplegic and confined him to a wheelchair. He required home nursing care and medically necessary transportation. I must respectfully dissent to the Majority's conclusion that a van equipped with special devices designed to enable Claimant to travel in his wheelchair does not constitute an "orthopedic appliance" under Section 306(f) of the Workers' Compensation Act.[1]

The Harmarville Center prescribed a specially equipped van for Claimant because he could no longer transport himself in a standard size car with modified controls due to his medical conditions. Claimant requested $37,940 for such a van.[2] Employer is willing

---

**9.** The term "orthopedic appliance" is not specifically defined in the Act. However, the word "orthopedic" is defined in Webster's Third New International Dictionary as "involving or affected by deformities or crippling." Webster's Third New International Dictionary at 1594 (1986). The word "appliance" is defined in the Dictionary as "a piece of equipment for adapting a tool or machine to a special purpose." *Id.* at 104–05. When reading these two definitions in conjunction, it is clear that the term "orthopedic appliance" would refer to equipment necessary for adapting a machine, such as a van, to accommodate an individual afflicted by deformities or crippling. *See Rieger.* The definition would not include the machine itself, but only those instrumentalities necessary to adapt the machine to accommodate the orthopedic injury. Thus, in the case of a specially equipped van, only the special equipment, *i.e.*, the retrofitting, would fall within this definition of "orthopedic appliance."

**1.** Act of June 2, 1915, P.L. *as amended,* 77 P.S. § 531. Section 306(f) was renumbered as Section 306(f.1) when the Act was amended in 1993.

**2.** The Referee denied Claimant's petition concluding that the requested van does not fall within "orthopedic appliances" under Section

to provide necessary modifications to a van, but refuses to provide a van itself. Employer contends that the van requested by Claimant does not fall within "orthopedic appliances" under Section 306(f).[3]

In *Rieger v. Workmen's Compensation Appeal Board (Barnes & Tucker Co.)*, 104 Pa.Cmwlth.42, 521 A.2d 84 (1987), this Court held that a wheelchair is an orthopedic appliance, and that devices which will aid the claimant in the use of his wheelchair, such as the bars placed in a bathroom, ramps leading to and from his home, and hand controls in an automobile, also fall within the definition of "orthopedic appliances" under Section 306(f). The Court reasoned:

> [A] wheelchair was in fact a necessity for the claimant, and if a wheelchair is necessary, then it logically follows that minor modifications needed to facilitate the use of the appliance must also be considered a necessity....
>
> [T]he intent of the Act is not that a claimant be forced either to rely upon the charity of his family and friends or to rely upon hired assistance in order to perform those daily tasks, duties and business that he was previously able to perform, when a simple, inexpensive remedy is available at hand. If the claimant's injuries make it impossible to leave his home, the remedial nature of the Act would be frustrated by a failure to provide a one-time expenditure.

*Id.* at 87.

In the matter *sub judice*, the referee accepted Dr. Brenes' testimony and found that due to his conditions of bilateral carpal tunnel syndrome and rotator cuff syndrome in his right shoulder, which are related to the 1979 work injury, Claimant was no longer able to transport himself in a standard size automobile with modified controls, and that he therefore needed a van with various modifications. Dr. Brenes stated in his July 21, 1992 medical report:

> I have, therefore, prepared a prescription for the type of vehicle that will be necessary to allow Mr. Petrilla to transport himself from place to place. I believe that such a vehicle is a medical necessity as it will enable him to obtain treatment without assistance and possibly alleviate the existing home care needs.

As in *Rieger*, if the Claimant's injuries make it impossible to leave his home, the remedial nature of the Act would be frustrated by a failure to provide a onetime expenditure. I, therefore, conclude that the van requested by Claimant in this matter falls within orthopedic appliances under Section 306(f). The referee found that the total bid for the requested modified van submitted by Claimant was not itemized and called for a more expensive model, equipment and furnishings than approved as necessary by the Harmarville Center.[4] Hence, I would reverse the order of the Board to the extent that it affirmed the referee's decision to deny Claimant's request for the van, and remand this matter to the Board who in turn would refer the matter to the referee for a determination of a reasonable amount to be awarded to Claimant for the prescribed van.

---

306(f). Referees are now called Worker's Compensation Judges under the new Amendments to Section 401 of the Act. Because this action was commenced prior to the effective date of the Amendments, this Court will continue to refer to Francis J. DeSimone as a referee and not as a Workers' Compensation Judge.

3. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lenzner Coach Lines v. Workmen's Compensation Appeal Board (Nymick)*, 158 Pa.Cmwlth.582, 632 A.2d 947 (1993).

4. Referee's Findings of Fact No. 14.