# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jacqueline Davies, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1244 C.D. 2021 |
| | : | ARGUED: April 3, 2023 |
| All My Children (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                              **FILED: April 26, 2023**

Claimant, Jacqueline Davies, petitions for review of the order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) which granted in part and denied in part her petition for review seeking medical expenses.  We affirm.

The facts of the case as found by the WCJ are not disputed.  Briefly, in December 2016 Claimant sustained a spinal injury while working for All My Children, Employer, which resulted in Claimant's becoming paraplegic and having bowel and bladder problems.  In December 2018, Claimant filed a review petition requesting medical benefits for the provision of numerous accommodations.  While payment for several of those accommodations was not disputed (other than on grounds of cost) and was granted by the WCJ, of moment to this appeal Claimant sought and was denied reimbursement *to her parents* for the purchase of a house in

the Borough of Perkasie because their prior house could not be modified to accommodate Claimant's needs. Claimant also sought the cost of maintenance of her parents' old house, in the Borough of Souderton.

The evidence showed that prior to her work injury, Claimant lived—and had always lived—with her parents in the three-story Souderton house owned by her parents. After the injury, it was not possible to remodel the Souderton house to accommodate Claimant's paraplegia. Therefore, Claimant's parents cashed in their tax-advantaged 401k retirement accounts[1] and purchased a house in Perkasie for approximately $220,000. Claimant did not contribute funds for the purchase of the Perkasie house and has no ownership interest in it. Claimant's parents then spent $35,000 on renovations to the Perkasie house to make it accessible to her, which amount was awarded by the WCJ. At the time of the deposition of Claimant's mother, her parents planned to sell the Souderton house but had not yet done so and continued to pay taxes and utilities.

The WCJ denied the portion of the review petition seeking payment for the Perkasie house and the costs associated with maintaining the Souderton house, as well as unreasonable contest fees sought by Claimant. The WCAB affirmed.

On appeal, Claimant argues that the WCJ erred as a matter of law in failing to grant reimbursement to Claimant's parents for the purchase of a new home necessary to accommodate Claimant's disability and that Claimant is entitled to unreasonable contest fees.[2]

---

[1] *See* Section 401(k) of the Internal Revenue Code, 26 U.S.C. § 401(k).

[2] Claimant does not list the unreasonable contest fee issue in her statement of questions presented but argues in the last paragraph of her brief that she is entitled to them. (Claimant's Br. at 15-16.)

Section 306(f.1)(1)(ii) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, provides that in addition to work-related medical treatment, "the employer shall provide payment for . . . services and supplies and orthopedic appliances, and prostheses in accordance with this section."  77 P.S. § 531(1)(ii).  Claimant points to cases of both our Supreme Court and this Court in which, considering the remedial nature and humanitarian objectives of the Act, the requirement to pay for "orthopedic appliances" has been construed to cover the acquisition and modification of vehicles and the construction of home modifications in order to use orthopedic appliances (such as making a house wheelchair accessible). *Griffiths v. Workers' Comp. Appeal Bd. (Seven Stars Farms, Inc.)*, 943 A.2d 242 (Pa. 2008) (van, and not merely modifications thereto, was orthopedic appliance for quadriplegic claimant necessary to remedy lack of mobility resulting from work injury); *Rieger v. Workmen's Comp. Appeal Bd. (Barnes & Tucker Co.)*, 521 A.2d 84 (Pa. Cmwlth. 1987) (if necessary, alterations in home for wheelchair accessibility and hand controls in vehicle are compensable).  In *Griffiths* our Supreme Court explained that "the particular circumstances of the claimant must be considered in determining the precise obligation of the employer." *Griffiths*, 943 A.2d at 257.

However, as pointed out by Employer, this Court has recently considered this line of cases and specifically determined that the purchase of a house "extends the phrase 'orthopedic appliances' [in Section 306(f.1)(1)(ii)] . . . beyond a reasonable construction." *Ralph Martin Constr. v. Castaneda-Escobar (Workers' Comp. Appeal Bd.)*, 280 A.3d 1089, 1094-95 (Pa. Cmwlth. 2022), *appeal denied*, 266 A.3d 445 (Pa. 2023).  In *Ralph Martin Construction*, a paraplegic claimant who had previously lived in a three-story house owned by his brother purchased a house

that was completely wheelchair accessible with some modification. After abandoning his request for the full purchase price of the new house, the claimant argued that he was entitled to the cost of renovations not performed on his brother's house, which were rendered unnecessary by his purchase of a new house. The WCAB reversed the WCJ in that case and ordered the payment for the renovations never performed.

On appeal this Court reversed. We noted that at the time of injury, the claimant lived in his brother's house, which required extensive modifications. However, before any work was done on the house belonging to his brother, the claimant bought a new house. While noting that a wheelchair is certainly an orthopedic appliance, and under *Rieger* an employer is responsible for modifications necessary to make the wheelchair useful, we explained that no precedent exists to hold an employer responsible for an entire house or to pay for modifications to a home not undertaken. We noted that our rationale for requiring an employer to pay for home modifications in *Rieger* was as follows:

> *[I]f a wheelchair is necessary, then it logically follows that minor modifications needed to facilitate the use of the appliance must also be considered a necessity.*
>
> . . . . It is this Court's opinion that the intent of the Act is not that a claimant be forced either to rely upon the charity of his family and friends or to rely upon hired assistance in order to perform those daily tasks, duties, and business that he was previously able to perform, when a simple, inexpensive remedy is available at hand. If the claimant's injuries make it impossible to leave his home, the remedial nature of the Act would be frustrated by a failure to provide a one-time expenditure.

*Ralph Martin Constr.*, 280 A.3d at 1095 [quoting *Rieger*, 521 A.2d at 87 (emphasis added)]. We further stated:

> If [the claimant] had not been willing, or not been able, to move from the Reading Home, some modification would have been required. The extent of that modification would have required a weighing of the remedial purposes of the Act against the need to avoid windfalls to [the claimant]. This analysis was never undertaken.

*Ralph Martin Constr.*, 280 A.3d at 1096. We held, *inter alia*, that Section 306(f.1)(1)(ii) did not authorize the WCAB to order the employer to contribute to the purchase of a new home. We believe that analysis controls here.

With respect to the issue of unreasonable contest fees, pursuant to Section 440(a) of the Act,[3] 77 P.S. § 996, in any contested case where an insurer contests liability in whole or in part, a WCJ shall award counsel fees to an employee *in whose favor the matter has been finally adjudicated* unless the employer provides a reasonable basis for the contest. Here, Employer prevailed on the primary disputed issue, whether it was required to reimburse Claimant's parents for the purchase of the Perkasie house.[4] Further, the WCJ found that at no point did Employer refuse to pay for other accommodations sought by Claimant, although the WCJ found that the actual cost for some of those items might be different than what was sought. (WCJ

_____

[3] Section 440(a) of the Act was added by the Act of February 8, 1972, P.L. 25.

[4] Claimant seeks the full purchase price of the Perkasie house, with no offset of value of the Souderton house. It was acknowledged at argument that even now, the house in Souderton has not been sold and is not occupied.

Finding of Fact No. 16.)  Therefore, Claimant was not entitled to unreasonable contest fees.[5]

In light of the foregoing, we affirm the order of the WCAB.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

`

_____

[5] In light of our disposition, we need not address the issue raised by Employer of whether Claimant lacks standing to seek recovery of her parents' expenses. (Employer Br. at 16.)  While Employer is correct that the relevant portion of the Act, Section 306(f.1)(1)(ii), 77 P.S. § 531(1)(ii), does not state that an employer must reimburse necessary expenditures made by family members, it also does not state the contrary.  Given the remedial nature and humanitarian objectives of the Act, the fact-based nature of the inquiry, and the lack of a clear statutory mandate, we decline to categorically hold that a third-party's expenses may *never* be reimbursed no matter what the circumstances.  At all events, we leave that question for another day.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Davies, :
                Petitioner :
                 :
         v. : No. 1244 C.D. 2021
                 :
All My Children (Workers' :
Compensation Appeal Board), :
             Respondent :

## **O R D E R**

AND NOW, this 26th day of April, 2023, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita