417 So.2d 831 (1982)
PEACE RIVER ELECTRIC CORP. and Employers Insurance of Wausau, Appellants,
v.
David Cline CHOATE, Appellee.
No. AI-332.
District Court of Appeal of Florida, First District.
August 5, 1982.
Ivan Matusek, St. Petersburg, for appellants.
Richard A. Kupfer, of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellee.
WIGGINTON, Judge.
To forestall what appears to be an incipient creeping of hybrid case law into the field of workers' compensation, this Court has grown increasingly more reticent to recite facts that would lend themselves as a potent source of fertilizer to nurture budding compensation disputes. Nevertheless, despite the risk that we may be plowing fertile grounds for litigious seed, we are strongly impelled to set forth our holding today as we affirm the deputy commissioner's order. The circumstances of this case are unique and fraught with human misery, and we caution that this opinion should not be loosely interpreted by practitioners in the workers' compensation field.
Claimant was left a paraplegic and confined to a wheelchair as a result of a compensable industrial accident in 1975. He had worked as a lineman for Peace River Electric Corporation for eighteen years, and was working in that capacity on the day of the accident when he fell fifteen feet from a power pole to land on his back on a protruding pedestal stub. He is now fifty-seven years old.
Claimant was accepted as permanently and totally disabled. He has lost all sensation and control from his waist downward, including control over bowel and bladder functions. There is no prospect for improvement. The carrier acknowledges that some form of special housing accommodations are required for Choate.
Claimant is presently existing by himself in a dilapidated makeshift dwelling consisting of an ancient trailer and a ramshackle wooden shed that are difficult or impossible to negotiate by wheelchair. Pursuant to his claim, the deputy awarded claimant an "Enabler II" modular home, specifically designed as a wheelchair-accessible environment. All title and right of ownership *832 would remain in the carrier but claimant would be entitled to live in the home rent free. Major maintenance would be the responsibility of the carrier. Additionally, the carrier would provide adequate insurance, while claimant assumed liability for all real estate taxes and assessments on the property. In the event claimant failed to pay such taxes and assessments and they became a lien on the property, the carrier would pay them and be entitled to deduct the same from the permanent disability benefits being paid to claimant. Finally, in the event of claimant's voluntarily electing other housing, or upon his death, the carrier would have the right to enter upon the premises and remove the modular home.
The employer/carrier contend the deputy should have accepted their suggested alternative of remodeling claimant's existing dwelling. It is patently clear from the record, however, that nothing short of bulldozing the dwelling would serve to remedy the situation. The deputy did not abuse his discretion in awarding Choate use of the modular home. Clearly, claimant has presented a "set of extremely unique circumstances" combined with a "request for highly extraordinary relief" allowing his cause to fall within the narrow prescripts enunciated in this Court's decision in Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA 1981).
Again, we caution that only extreme cases of disability might warrant such extraordinary relief. The order of the deputy commissioner is hereby affirmed.
SHIVERS and SHAW, JJ., concur.