572 A.2d 248

**Richard BOMBOY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SOUTH ERIE HEATING CO.) (Travelers Companies), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided March 6, 1990.

Reargument Denied April 19, 1990.

Craig A. Markham, Elderkin, Martin, Kelly, Messina and Zamboldi, Erie, for petitioner.

Richard E. Bordonaro, Knox, McLaughlin, Gornall & Sennett, P.C., Erie, for respondent, South Erie Heating Co., Inc.

Before CRAIG and PALLADINO, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

The claimant, Richard Bomboy, appeals an order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of benefits under section 306(f)[1] of The Pennsylvania Workmen's Compensation Act for home modifications to accommodate the claimant's wheelchair, and for increased utility costs resulting from previous home modifications. We affirm.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

The record indicates that the claimant suffered a work-related injury on February 17, 1982, which rendered him a paraplegic. Because of the claimant's total disability, his employer, South Erie Heating Company, provided wage loss and medical expense benefits to the claimant. At the claimant's request, the employer also provided for the installation of hand controls on the claimant's automobile and for the modification of the claimant's basement into a wheelchair-accessible living space, with a bedroom and a bathroom.

In 1988, the claimant sought additional home modifications, including an attached garage, a wheelchair lift, and utility cost reimbursements. The claimant presented no other alternatives which would be less expensive than the proposed modifications.[2] The employer denied payment for the claimant's additional modifications, and the claimant filed a petition for benefits with the referee. Before the referee accepted any testimony, both parties agreed to submit briefs on whether the claimant's additional modifications were covered under section 306(f).

■ On July 29, 1988, the referee dismissed the claimant's petition, stating that "[Y]our referee is of the opinion that [*Rieger v. Workmen's Compensation Appeal Board (Barnes and Tucker Co.)*, 104 Pa.Commonwealth Ct. 42, 521 A.2d 84 (1987)] is not controlling here, in that, the remedies sought here are not simple or inexpensive." On appeal, the board affirmed the referee's decision on July 28, 1989, and this appeal followed.[3]

2. The claimant's estimates for construction of the attached garage range from $20,000.00 to $25,600.00. For the installation of a wheelchair lift, the claimant's estimates range from $9,150.00 to $10,156.00. The claimant also seeks reimbursement for increased utility costs of $430.00 per year for heat and electricity.

3. Where the board takes no additional evidence, our scope of review is limited to determining violations of constitutional rights, errors of law, or whether substantial evidence supports the referee's findings of fact. *Universal Trucking v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988).

On appeal, the claimant contends that the proposed additional modifications, as well as increased utility costs resulting from the previous modifications, are compensable under section 306(f).[4]

The claimant supports his contention on this court's decision in *Rieger,* where the claimant suffered a work-related injury which rendered him a paraplegic and necessitated his use of a wheelchair. Because the claimant's wheelchair, an "orthopedic appliance" under section 306(f), was a necessity, the court held that the Act covered the costs for modifying the claimant's home for wheelchair accessibility [5] and installing hand controls in the claimant's automobile. In so holding [6], the court in *Rieger* stated that:

> The only conclusion which may be drawn from these findings is that a wheelchair was in fact a necessity for the claimant, and, if a wheelchair is necessary, then it logically follows that minor modifications needed to facilitate the use of the appliance must be considered a necessity.

4. The applicable provision of section 306(f) provides that "... the employer shall provide payment for ... *orthopedic appliances ....*" (Emphasis added.)

5. In *Rieger,* the modifications included installing bars and ramps in the kitchen and bathroom areas, installing ramps at the rear entrance of the claimant's home, widening doorways, and widening the claimant's garage in order to install an access ramp.

6. Courts in other jurisdictions have similarly held that, under the language of their workmen's compensation statutes, an employer has the duty to furnish wheelchair-accessible housing. *Cf. Peace River Electric Co. v. Choate,* 417 So.2d 831 (Fla.Dist.Ct.App.1982), *appeal denied,* 429 So.2d 7 (Fla.1983) ["remedial treatment, care and attendance" included duty to provide alternate housing when claimant's dilapidated makeshift dwelling could not be modified for wheelchair accessibility in a case involving "extremely unique circumstances warranting extraordinary relief."]; *Squeo v. Comfort Control Corp.,* 99 N.J. 588, 494 A.2d 313 (1985) ["other appliance" included duty to provide an apartment attached to claimant's parents home in an "unusual case calling for unusual relief."]; *But cf. Langford v. William Rogers, Inc.,* 144 A.D.2d 785, 534 N.Y.S.2d 761 (1988) [employer had no duty to modify claimant's home because the proposed modifications were not feasible.]; *Savaria v. DiSano,* 118 R.I. 357, 373 A.2d 820 (1977) [expenses "incurred in carrying out a course of medical treatment directly or implicitly related to the employee's health and prescribed by [his] physician" did not include expenses for home modifications.].

... It is this Court's opinion that the intent of the Act is not that the claimant be forced either to rely upon the charity of his family and friends or to rely upon hired assistance in order to perform daily tasks, duties, and business that he was previously able to perform, when a simple, inexpensive remedy is available at hand. If the claimant's injuries make it impossible to leave his home, the remedial nature of the Act would be frustrated by a failure to provide a one-time expenditure.

*Rieger,* 104 Pa.Commonwealth Ct. at 46–47, 521 A.2d at 87.

■ We note that the claimant's home in *Rieger* had not been previously modified to accommodate his wheelchair, as was the claimant's home here. In *Derebery v. Pitt County Fire Marshall,* 318 N.C. 192, 347 S.E.2d 814 (1986), the court, in requiring the employer to furnish alternate wheelchair-accessible housing for the claimant, relied on the fact that the claimant's present home had not been modified to accommodate his wheelchair and that the owners of the home would not permit such modifications.

However, in the present case, the employer, at the claimant's request, had previously modified the claimant's home by installing a wheelchair-accessible bedroom and bathroom in the claimant's basement. These modifications, costing approximately $5,000.00, converted the claimant's basement into living quarters for the claimant.

Although we agree that *Rieger* requires an employer to provide home modifications at the employer's expense, such modifications are limited to a "... one-time expenditure." In this case, the employer previously modified the home in which the claimant presently lives. Thus, no additional modifications are warranted under *Rieger.*

Moreover, in *Rieger,* the employer modified the claimant's home at a cost of $433.02.[7] In this case, the employer had

7. The court does not read *Rieger* as limiting remedies only to "simple, inexpensive" ones. In *Rieger,* the court noted the low cost as an additional factor justifying approval.

already provided approximately $5,000.00 in modifications, and the claimant now seeks additional modifications, at a cost of approximately $30,000.00 to $35,000.00.

Because additional home modifications would result in a substantial cost burden on the employer, and because the claimant proposed no alternatives, we conclude that *Rieger* does not support the claimant's request for an attached garage and a wheelchair lift.

Furthermore, the claimant cites no authority for utility cost reimbursements. Because *Rieger* is limited to minor *structural* modifications to a claimant's home, the increased utility costs which result from home modifications are not compensable under section 306(f).

Accordingly, we affirm the board's order.

## ORDER

NOW, March 6, 1990, the order of the Workmen's Compensation Appeal Board, No. A–96969, dated July 28, 1989, is affirmed.