ERVIN, Judge.
Appellant, James J. Rubber, seeks review of a workers’ compensation order that limited his award for hydrotherapy to membership at a health spa and denied his claim for reimbursement for the cost of a hot tub appellant had installed at his home. Appellant contends that appellees, Max Davis Associates and FEISCO, the employer and its insurance carrier (E/C), should have been required to provide him with a jacuzzi hot tub at his home and to reimburse him for the balance of the purchase price for the first hot tub.[1] We agree with appellant on both points and, therefore, reverse and remand for further proceedings in accordance with this opinion.
As for the award of the health spa membership rather than the home hot tub, it was the E/C’s burden to present evidence showing that viable alternatives to home facilities were available to the claimant once he presented medical evidence establishing a need for hot tub therapy. See United Sheet Metal Co. v. Meyer, 520 So.2d 616, 617 (Fla. 1st DCA 1988) (“record does not support a conclusion that [E/C] proved availability of adequate and more economical alternatives” to portable hot tub). Cf. Strickland v. Neil’s Painting, 545 So.2d 333, 334 (Fla. 1st DCA 1989) (record disclosed much discussion regarding viable alternatives to home hot tub installation). Here, the claimant presented medical evidence to prove his need for hydrotherapy in a hot tub. In addition, claimant testified that there were no adequate public facilities available to him in his community. The E/C failed to introduce any evidence to the contrary and did not offer any alternatives to the home hot tub. Thus, the judge of compensation claim’s finding that “there certainly should be facilities available relatively near the claimant’s home” is pure speculation and is without support in the record. Because there is no competent, substantial evidence to support the award of a health spa membership, and because claimant satisfied his burden by establishing his need for a home hot tub, we reverse and remand with directions to order the E/C to provide claimant with a home hot tub.
Turning to the second issue, the judge denied appellant’s claim for reimbursement of the balance of the purchase price of the first hot tub for the reasons that appellant purchased the hot tub on his own, and that the payment agreement had been previously finalized. Contrary to those findings, the evidence disclosed ap- *139 pellant’s need for a hot tub in that both his treating physicians prescribed a hot tub in August 1986. Although the E/C initially provided appellant with $1,500 to lease a hot tub, it allowed that sum to be used toward the purchase of a hot tub when informed that leasing was not available. Appellant purchased the least expensive hot tub that he could find, a “second,” pursuant to the E/C’s instructions, and the amount he expended exceeded that advanced by the E/C. Finally, appellant testified that the E/C had originally agreed to reimburse him for the balance, remaining on the purchase price, but then failed to do so. None of this evidence was controverted by the E/C. Because the hot tub was clearly needed, and because the E/C had agreed to make full reimbursement to claimant, the JCC erred by declining to require the E/C to reimburse claimant in accordance with the parties’ agreement. Consequently, we also reverse and remand as to this issue, with directions to order the E/C to reimburse claimant for the balance of the purchase price of the first hot tub.
REVERSED and REMANDED for further proceedings.
MINER and WEBSTER, JJ., concur.

. The first hot tub claimant purchased, a "second,” cracked and he was unable to move it to his new home, thereby necessitating the need for the second hot tub.