Harold J. GUTHMILLER, Claimant and Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF TRANSPORTATION, Employer and Appellee.

No. 18032.

Supreme Court of South Dakota.

Considered on Briefs March 17, 1993.

Decided June 30, 1993.

Reconsideration Denied Aug. 5, 1993.

Greg L. Peterson, Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, for claimant and appellant.

Mark Barnett, Atty. Gen., Camron D. Hoseck, Asst. Atty. Gen., Pierre, for employer and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY

After being injured at work, Harold Guthmiller (Guthmiller) filed a claim for worker's compensation with his employer, the South Dakota Department of Transportation (DOT). Following a June 4, 1991, administrative hearing by the Department of Labor's Division of Labor and Management, Guthmiller was awarded permanent total disability benefits. DOT appealed the decision to the Sixth Judicial Circuit which reversed the decision and remanded the matter to reconsider Guthmiller's entitlement to lesser benefits. Notice of Appeal was filed by Guthmiller on August 21, 1992, raising the following issues:

I. Did the trial court err in requiring medical testimony to show causation between Guthmiller's work-related injury and his diabetes?

II. Did the trial court err in holding that Guthmiller's pre-existing medical condition was not connected to his work-related injury, thus denying his claim for total permanent disability?

III. Did the trial court err in failing to evaluate Guthmiller's injury under the odd-lot doctrine?

IV. Did the trial court err in failing to consider if Guthmiller's injury precluded him from gainful employment?

We affirm.

## FACTS

On July 7, 1987, Guthmiller's left wrist was injured in an accident involving the DOT vehicle he was driving. Worker's compensation provided medical benefits, temporary disability benefits, and permanent disability benefits based upon a 27% upper extremity disability to Guthmiller.

Following treatment, Guthmiller was given permission to return to work without limitations. He was assigned to his regular duties which included: driving a truck with a standard transmission, raking blacktop, shoveling blacktop and sand, cleaning the maintenance shop, and repairing highway signs. Although prior to the wrist injury, Guthmiller says he was able to perform his work duties without difficulty, he now claims he had trouble steering the truck, holding tools and experienced pain in both arms. According to Guthmiller's deposition, he did not complain because he feared losing his job.

Guthmiller was hospitalized for colitis in December 1987 and underwent a cholecystectomy the following June. He also suffers from juvenile diabetes with peripheral diabetic sensory neuropathy, a disease he has had for over 50 years. During 1988, he blacked out twice while on the job—once while driving a truck. He also experienced fatigue. He was reassigned to light duty work after supervisors noticed his difficulty in driving a truck and handling tools.

For over a year, Guthmiller continued in his usual and customary employment until he voluntarily resigned on September 8, 1988, stating in his Bureau of Personnel paperwork that this decision was "due to poor health."

Thereafter, he sought and received disability benefits through both the Social Security Administration and worker's compensation. Upon appeal by the DOT, the Sixth Judicial Circuit reviewed the deposition testimony of the witnesses, then reversed and remanded the worker's compensation award. This appeal followed.

## STANDARD OF REVIEW

■ Although we will overrule an administrative agency's findings of fact only if we find them to be clearly erroneous, *Day v. John Morrell & Co.,* 490 N.W.2d 720 (S.D.1992); *Lien v. Miracle Span Corp.,* 456 N.W.2d 563 (S.D.1990), conclusions of law are given no deference by this Court on appeal and are fully reviewable. *Permann v. Dept. of Labor, Unemp. Ins. D.,* 411 N.W.2d 113 (S.D.1987); *Day* at 723. The test is, after reviewing all the evidence, are we left with a definite and firm conviction that a mistake has been made? *Day* at 723. When reviewing evidence presented by deposition, we do not apply the clearly erroneous rule but review that testimony as though presented here for the first time. *Day* at 723; *Lien* at 565. The question is not if there exists evidence contrary to the agency's finding, but is there substantial evidence to support the agency's finding? *Day* at 724; *Oberle v. City of Aberdeen,* 470 N.W.2d 238 (S.D.1991).

## DECISION

### I. TRIAL COURT APPLIED THE PROPER STANDARD.

Guthmiller submits that the trial court applied an improper standard by requiring medical testimony that his injury caused or contributed to his total disability. Under 62-1-1(2), injuries arising out of and in the course of employment are compensable. This Court, following the same course as the trial court, must determine if Guthmiller's injuries arose out of the course of employment. Both parties agree that the wrist was injured on the job. However, Guthmiller claims the wrist injury exacerbated his 50 year diabetic affliction, leaving him permanently and totally disabled.

■ To receive permanent total disability, SDCL 62-4-6(23) requires either the loss of both arms or an injury which totally incapacitates an employee, preventing him from working at his occupation. Where the nature and effect of an injury is plainly apparent, an expert's opinion is not required to establish a causal relationship. *Day* at 723.

■ An injury to one arm does not constitute a loss of both arms nor should it totally incapacitate. This Court, like the trial court, requires expert opinion to show a causal connection between the injury to the left wrist and the total incapacitation. SDCL 19-15-2; *State v. Hill,* 463 N.W.2d 674, 676 (S.D.1990). Although both the wrist injury and the diabetic neuropathy impact the upper left extremity, and one doctor testified that the injury did affect Guthmiller's control of diabetes for a few weeks, *none of Guthmiller's three medical doctors would testify that such a causal connection existed.* All medical evidence in this case was produced through deposition.

■ In *Caldwell v. John Morrell & Co.,* 489 N.W.2d 353, 358 (S.D.1992), we stated, "The burden of proof rests upon claimant to prove by a preponderance of the evidence the facts necessary to establish a right to compensation." *See also, Mehlum v. Nunda Cooperative Ass'n,* 74 S.D. 545, 56 N.W.2d 282 (1952). A worker's compensation award cannot be based on possibilities or probabilities, but must be based on sufficient evidence that the claimant incurred a disability arising out of and in the course of employment. *Day* at 724; *Wold v. Meilman Food Industries,* 269 N.W.2d 112, 116 (S.D.1978). Medical testimony to the effect that it is possible that a given injury caused a subsequent disability is insufficient, standing alone, to establish the causal relation under worker's compen-

sation. *Day* at 724; *Caldwell* at 358; *Wold* at 116.

Worker's compensation trades off the concept of tort liability or fault where the injury arises out of the course of employment. Because worker's compensation is an exclusive remedy purposely omitted from the realm of tort law, it follows that a tort standard (medical probability) would not be applied. As noted above, we seek a causal relation.

■ We further note that Guthmiller had previously testified before the Social Security Administration seeking disability and professed that the reason for leaving his job was primarily due to diabetes and its complications only, not the wrist injury. This Court has repeatedly held that a party cannot claim the benefit of a version of the facts more favorable than given in testimony. *State v. Jacobson*, 491 N.W.2d 455 (S.D.1992); *Waddell v. Dewey County Bank*, 471 N.W.2d 591 (S.D.1991); *Lalley v. Safway Steel Scaffolds, Inc.*, 364 N.W.2d 139 (S.D.1985); *Myers v. Lennox Co-op. Ass'n*, 307 N.W.2d 863 (S.D.1981); *Swee v. Myrl & Roy's Paving, Inc.*, 283 N.W.2d 570 (S.D.1979); *Miller v. Stevens*, 63 S.D. 10, 256 N.W. 152 (1934).

Guthmiller has failed to meet the burden required to substantiate his right to compensation. Based upon the lack of expert testimony linking diabetes to a wrist injury, we are left with a firm and definite conviction that the agency's finding of permanent total disability was a mistake. *Day* at 723.

## II. TRIAL COURT PROPERLY CONSIDERED MEDICAL EVIDENCE.

■ Guthmiller asserts his pre-existing diabetic neuropathy should not preclude his claim for total disability benefits where his job-related injury resulted in a greater impairment. No authority is offered to support this position except "This issue is corollary to Issue I." Failure to cite authority is waiver of an argument. SDCL 15–26A–60; *Harris v. Young*, 473 N.W.2d 141 (S.D. 1991).

Nonetheless, this argument fails in three respects. First, as noted in Issue I and in *Day*, the trial court was proper in considering expert medical testimony. Second, DOT is not challenging the wrist injury, but the claim that a wrist injury causes total disability. Finally, the trial court remanded the case for a reconsideration of a lesser disability. Guthmiller's injury is not being ignored by the courts.

Due to our decision in Issue I and Guthmiller's failure to make a causal connection between his injury and his diabetes, we do not reach Issue III or Issue IV.

In sum, Guthmiller injured his wrist while at work and claims that this injury worsened his pre-existing diabetic condition. His own doctors would not testify with medical certainty that such a thing could happen, nor would they infer a causal connection between the wrist injury and the diabetic neuropathy, yet he insists that the trial court erred by even allowing such negative testimony. Where the claimant's medical experts are unwilling to express an opinion, this Court will not infer a medical prognosis. Guthmiller simply failed to prove his case.

Affirmed.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

The extent of claimant's disability, arrived at through expert opinion, is a question of fact. "When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous." *Hanson v. Penrod Const. Co.*, 425 N.W.2d 396, 397 (S.D.1988) (citation omitted). When reviewing evidence presented by deposition, we do not apply the clearly erroneous standard but review that testimony as though presented here for the first time. *Day*, 490 N.W.2d at 723. As stated in the majority opinion, "[t]he question is not if there exists evidence contrary to the agency's finding, but is there substantial evidence to support the agency's finding?" *See Id.* at 723–24 (citation omitted). *See also* 1 Arthur Larson, The Law of Workmen's Compensation § 12.25 (1993).

"Whether the employment aggravated, accelerated, or combined with the internal weakness or disease to produce the disability is a question of fact, not law, and a finding of fact on this point by the commission based on any medical testimony ... will not be disturbed on appeal." 1 Larson, *Workmen's Comp.* § 12.25.

Dr. Harlow, an orthopedic surgeon, assigned a 40% physical impairment to Claimant's left upper extremity based on his range of motion and loss of grip strength with radical carpal arthrosis. He also indicated a wrist fusion would probably be necessary in the future to prevent pain. Dr. Kazie, another orthopedic surgeon, assigned a 27% physical impairment rating and indicated that, over time, degenerative changes in the joint may result in a higher impairment. Claimant's vocational expert, Rick Ostrander, concluded Claimant had a 100% loss of use of the left upper extremity and DOT's vocational expert, William Penniston, concluded Claimant had a 65% loss of use of the left upper extremity.

Although generally, as the majority says, "[a]n injury to one arm does not constitute a loss of both arms nor should it totally incapacitate[,]" there is evidence here to show that "claimant is unemployable in the market and is not a candidate for rehabilitation." Claimant is 56 years old, has an 8th grade education, and has difficulty reading, writing, and comprehending. In many respects, in connection with his other limitations, this injury to his left upper extremity disabled him as totally as the proverbial concert pianist's loss of one hand.

"A person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." *Barkdull v. Homestake Mining Co.*, 317 N.W.2d 417, 418 (S.D.1982 (citations omitted). *See also Hanson*, 425 N.W.2d at 398–99. The hearing examiner concluded in Conclusions of Law V and VI that:

1. Claimant made a prima facie showing that his physical impairment, mental capacity, education, training, and age placed him in the odd lot category;
2. DOT had not shown that some suitable work is regularly and continuously available to Claimant;
3. the wrist injury contributed to his final permanent total disability and,
4. he should prevail on his claim for permanent total disability benefits.

Preexisting disease or infirmity of the employee does not disqualify a claim under the "arising out of employment" requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought. This is sometimes expressed by saying that the employer takes the employee as he finds him. 1 Larson, *Workmen's Compensation* § 12.21.

By an exceptional statute in seven states, when a preexisting disease is aggravated by the employment, compensation is payable only for the percentage of disability attributable to the accident. *Apart from such statutes*, the relative contribution of the accident and the prior disease is not weighed.

1 Larson, *Worker's Compensation* § 12.26 (emphasis added).

"The circuit court, in reviewing the record, may not substitute its own judgment for that of the [hearing examiner] as to the weight of evidence on questions of fact." *Barkdull*, 317 N.W.2d at 419 (citation omitted). Since there is substantial evidence to support the findings of the hearing examiner, the examiner's findings were not clearly erroneous and the circuit court erred in reversing the award. We should reverse and remand with directions to reinstate the hearing examiner's decision. *Id.*