Kathy J. HOWIE, Appellant,

v.

PENNINGTON COUNTY and American States Insurance, Appellees.

No. 18410.

Supreme Court of South Dakota.

Argued May 23, 1994.

Decided Aug. 31, 1994.

Margo Tschetter Julius, William Jason Groves and Michael Buffington of Groves Law Office, Rapid City, for appellant.

John J. Delaney of Johnson Huffman, P.C., Rapid City, for appellees.

MILLER, Chief Justice.

Kathy J. Howie (Howie) appeals from a worker's compensation decision in which the Department of Labor (Department) denied her request for an addition to her home to enclose a hydrotherapy spa. The decision was appealed to the circuit court which affirmed the Department. We reverse and remand.

FACTS

Howie is totally and permanently disabled as a result of medical conditions described as bilateral carpal tunnel syndrome, reflex sympathetic dystrophy, Raynaud's Phenomenon, and upper limb dystrophy. Howie's medical condition has resulted in chronic pain in both arms and shoulders. She has sought continuing medical treatment, most of which has been unsuccessful in relieving her pain.

Dr. Steven K. Goff, M.D., a physiatrist, recommended that Howie undergo hydroth-

erapy to see if the treatments would relieve her pain. She began using the therapeutic pool at the Black Hills Rehabilitation Hospital and the treatments provided pain relief for a few hours. However, because Howie lives some eighteen miles from Rapid City, the benefits often faded by the time she arrived home. Additionally, because of the pain in her hands and arms, Howie had to be driven to and from rehabilitation. Further, the hydrotherapy pool was not available for therapy treatments everyday. Because of these obstacles, Dr. Goff prescribed a home spa therapy pool.

Howie argued that to receive the full benefits of the spa therapy, the hot tub needed to be in a heated environment. She claimed her existing house was too small and structurally unsound to support the spa, thus, it was medically necessary for the insurer to build an addition to her home to enclose the hot tub.

Department held administrative hearings on March 3, 1992, and April 28, 1992, to determine whether Howie was entitled to permanent total disability benefits, whether a lump-sum payment of those benefits should be given, whether a Grandee model home spa should be awarded, and whether an addition to her house to enclose the spa should be allowed. After the hearings, Department entered findings of fact and conclusions of law and entered an order in favor of Howie on all issues except modification of her home to enclose the spa.

Howie appealed to the circuit court which affirmed the Department's order. We reverse and remand.

## STANDARD OF REVIEW

■ This Court will overrule an administrative agency's findings of fact only if we find them to be clearly erroneous. *Guthmiller v. S.D. Dep't of Transp.*, 502 N.W.2d 586 (S.D.1993); *Day v. John Morrell & Co.*, 490 N.W.2d 720 (S.D.1992); *Lien v. Miracle Span Corp.*, 456 N.W.2d 563 (S.D.1990). Conclusions of law are given no deference by this Court on appeal and are fully reviewable. *Permann v. Department of Labor, Unemp.*

*Ins. Div.*, 411 N.W.2d 113 (S.D.1987). The test is whether, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. *Guthmiller*, 502 N.W.2d at 588. Mixed questions of law and fact are fully reviewable. *Egemo v. Flores*, 470 N.W.2d 817, 820 (S.D.1991). Worker's compensation laws are remedial in nature and are entitled to liberal construction to effect coverage. *Phillips v. John Morrell & Co.*, 484 N.W.2d 527, 531 (S.D.1992); *Oviatt v. Oviatt Dairy, Inc.*, 80 S.D. 83, 85, 119 N.W.2d 649, 650 (1963).

## DECISION

■ South Dakota law requires employers to provide necessary medical services to employees covered by worker's compensation. SDCL 62–4–1 provides in relevant part:

> The employer shall provide necessary first aid, medical, surgical, and hospital services, or other suitable and proper care including medical and surgical supplies, apparatus, artificial members and body aids during the disability or treatment of an employee within the provisions of this title[.]

We have previously stated: "It is in the doctor's province to determine what is necessary or suitable and proper." *Hanson v. Penrod Const. Co.*, 425 N.W.2d 396, 399 (S.D. 1988). Therefore, to support an award of an addition to the house, Howie needed to present a medical expert's opinion that the addition was "necessary or suitable and proper care" for her treatment.

Howie claimed her home was too small to contain the spa she selected and the floor structure would not support its weight. Therefore, her husband designed an addition to their home to contain the spa. The proposed addition cost $18,293.62, was a story and a half high, 250 square feet, contained two sets of french doors, elevated decking, indoor lighting with dimmer switches and outdoor lighting.[1]

Department awarded the spa; it concluded "[t]he purchase of a home spa by the Employer and the Insurer is a reasonable expense related to the medical care and treat-

---

1. Insurer paid $4,693.89 of this amount for a foundation slab and electrical connections.

ment of the Claimant."[2] However, it denied the addition to the home. Specifically, Department's hearing officer found "it has not been convincingly demonstrated that this spa must be indoors."

Department's decision denying the addition to the house states that "many homes in South Dakota have fully functional outdoor spas, even in the dead of winter." However, there is no testimony or evidence in the record to support such a finding. Nor is there any evidence that Howie would be able to use the spa in the winter if it were placed outdoors. This finding of fact is clearly erroneous.

Dr. Goff testified at the hearing that he prescribed a spa "in" Howie's home and that he wanted Howie's hydrotherapy treatment at home to "provide a smaller-type version of what we were doing in the rehab hospital." It is undisputed that Howie suffers from Raynaud's Phenomenon, a syndrome which results in sensitivity to cold temperatures. Conversely, nowhere is Howie's sensitivity to cold linked to a medical necessity for the spa to be either sheltered or, alternatively, placed indoors.

Further, contrary to Howie's assertion, the record is unclear as to whether Dr. Goff considered the cost of the addition to the house in his recommendations. Although the cost of the addition was mentioned at the

hearing, the doctor was being questioned about the basis for his recommendation as to the size of the spa required, not about the necessity or cost of an enclosure.[3] In the more than eighty pages of testimony by Dr. Goff at the hearing, nowhere did he unequivocally state that it was medically necessary for the spa to be enclosed, protected, sheltered, or placed indoors. "Where the claimant's medical experts are unwilling to express an opinion, this Court will not infer a medical prognosis." *Guthmiller*, 502 N.W.2d at 589. Similarly, we will not infer medical necessity from Dr. Goff's testimony.

Howie cites a number of cases from foreign jurisdictions to support her position that a special housing facility should have been awarded. *Rieger v. W.C.A.B.*, 104 Pa. Cmwlth. 42, 521 A.2d 84, 87 (Ct.1987) (finding "simple, inexpensive remedy is available at hand" and allowing $433.02 to remodel home to facilitate access for wheelchair-bound claimant) *limited by Bomboy v. W.C.A.B.*, 132 Pa.Cmwlth. 169, 572 A.2d 248, 250 (Ct.1990) (affirming denial of paraplegic's claim for $30,000–$50,000 modification for attached garage with wheelchair lift "as *Rieger* is limited to minor structural modifications"); *R & T Construction Co. v. Judge*, 82 Md. App. 700, 573 A.2d 96 (1990) *aff'd in part and rev'd in part by R & T Const. Co. v. Judge*, 323 Md. 514, 594 A.2d 99, 107 (1991); *Squeo*

---

**2.** Although the issue of the award of the hot tub is not before us, there is authority to support it. *Municipality of Anchorage v. Carter*, 818 P.2d 661 (Alaska 1991) (ruling that worker's compensation statute did not preclude an award of $4,595 for hot tub for palliative relief in remote location where claimant had no other access to facilities); *Kubber v. Max Davis Assoc. & FEISCO*, 603 So.2d 137 (Fla.Dist.App.Ct.1992) (reversing worker's compensation order limiting award to health spa membership where employer and insurer had originally agreed to purchase spa which had been shown to be medically necessary to treat claimant's condition); *United Sheet Metal Co. v. Meyer*, 520 So.2d 616 (Fla.Dist.App.Ct. 1988).

**3.** The following exchange between Dr. Goff and employer's attorney took place during a discussion of how Dr. Goff had arrived at his recommendation concerning the size and design of the hot tub required for Howie to do hydrotherapy exercises:

A I think you can't base it upon one observation. In other words, range of motion is a fluctuating thing. You have to probably observe that over time. I don't know that we did that or we need to do that.

Q My concern, Doctor, is there's a request here for an $8,000 hot tub and $17,000 addition to the house to house the hot tub, and unlike Motrin or penicillin and surgical treatment, I'm concerned about the background foundation for it.

A I understand.

Q And consequently, when you make a statement that this was considered and we determined this, I want to know just exactly how carefully it was considered and what factors, measurements and analyses went into it.

Okay. So when I ask you about underwater versus above water [exercises], I want to know what—to what extent that discussion was had in detail between you and what therapist, first of all, and secondly, where I might find some reference to such a discussion.

A Okay. I can't tell you more than I've already told you. I don't have any records of that[.]

*v. Comfort Control Corp.*, 99 N.J. 588, 494 A.2d 313 (1985) (awarding 24–year–old quadriplegic $65,000 addition to parent's home as only other alternative was to "house" him in "oppressive" elderly rest home where he had attempted suicide three times); *Zephyr v. Industrial Commission*, 215 Ill.App.3d 669, 159 Ill.Dec. 332, 576 N.E.2d 1 (Ct.1991) (awarding $275,491 to remodel residence to accommodate paraplegic claimant; claimant also had quadriplegic daughter so home needed to provide access for two wheelchairs and majority of cost was to remodel and provide access to bathrooms).[4]

Based on the clearly erroneous finding of fact by Department and the ambiguous testimony at the hearing as to the medical necessity of placing the spa indoors, we are left with the definite and firm conviction that a mistake has been made. We reverse the decision and remand this case so that the Department may determine if it is **medically necessary** for the spa to be enclosed or placed indoors and, if so, the medical requirements of such an enclosure. *Squeo*, 494 A.2d at 323 ("While there are no monetary limitations on the cost of treatment set forth in the statute, the cost must be reasonable.").[5] We reiterate that an employer is only responsible for medical necessities, not conveniences, amenities or aesthetically pleasing accoutrements. We agree with the Maryland Supreme Court which stated:

> We remain mindful that the act is to receive a liberal construction. Nevertheless, in the area of modifications to a residence, the concept of medical treatment under § 37(a) must be limited to access for necessities. Here the purpose of the possible improvements goes beyond the necessities

already being provided, and seeks to give Judge a sense of increased independence and self-worth. Under the circumstances here that goal is beyond the process of construction of § 37(a). Were we to depart from the standard of access to medical treatment, there would be no statutory standard to guide the Commission in determining the extent of an insurer's obligation to make alterations to a claimant's residence.

*R & T Constr. Co.*, 594 A.2d at 108.

Reversed and remanded.

SABERS and AMUNDSON, JJ., concur.

HENDERSON and WUEST, JJ., concur specially.

HENDERSON, Justice (specially concurring).

Although I concur in the spirit of this opinion, which is to grant a reversal because of a definite and firm conviction that a mistake has been made, *Guthmiller v. S.D. Dept. of Transp.*, 502 N.W.2d 586, 588 (S.D.1993), the implementation of the reversal is too restrictive. Restrictive in the sense that this case will be remanded for further evidence to determine if it is medically necessary for the spa to be indoors. I do agree that the costs of the spa being indoors "must be reasonable." And I further maintain, as does the majority opinion, that the structure for the spa should be limited to "access for necessities" to use the spa. *R & T Construction v. Judge*, 323 Md. 514, 594 A.2d 99, 107 (1991).

In Pennington County's and American States Insurance Company's brief, it is ex-

---

4. In *Zephyr v. Industrial Commission*, 215 Ill. App.3d 669, 159 Ill.Dec. 332, 576 N.E.2d 1 (Ct. 1991), an Illinois Appellate Court relied on the recommendation of an architect, not expert medical opinion. We caution that this is not the standard in South Dakota. *Accord, R & T Const. Co. v. Judge*, 323 Md. 514, 594 A.2d 99, 107 (1991) ("Claimant is not entitled to have the alterations recommended by his architect witness.").

5. Since an addition with a hot tub would probably add considerable value to Howie's home, if an addition is found necessary, Department could provide a lien in favor of the employer

against any significant added value were the home ever to be sold and Kathy Howie no longer benefit from the use of the spa. *Squeo v. Comfort Control Corp.*, 194 N.J.Super. 366, 476 A.2d 1265, 1268 (Ct.App.Div.1984) ("We are also concerned that if petitioner should no longer use the apartment, no one profit by any significant value it may have added to the property") *aff'd Squeo*, 494 A.2d. 313; *accord Peace River Elec. Corp. v. Choate*, 417 So.2d 831 (Fla.Dist.Ct.App.1982) *petition for review dismissed*, 429 So.2d 7 (Fla. 1983) (employer to provide and maintain modular home for quadriplegic employee but employer would retain title).

pressed, "We are not arguing about the spa; it's appropriateness is not at issue. The fight is about whether it must be indoors." Howie testified that "the home was too small to house the spa and the floor structure will not support the weight of the spa." There is no evidence to the contrary. Furthermore, the permanently and totally disabled claimant expressed that the spa could be put "in the barn," but the winter temperatures were too cold to do so. This is factually undisputed. Therefore, the leap of induction is simply that the home spa therapy pool for claimant's use, of necessity, must be "in" her home. A therapeutical pool in a cold barn is impractical. Dr. Goff's medical approach was to grant claimant comparable treatment to a hospital setting and treatment. This was a medical conclusion of "suitable and proper care," per the language contained in SDCL 62–4–1.

Per claimant's testimony, she had to have access with minimal use of her hands and was required to have some heat so as to protect her from the elements of South Dakota winter.

Thus, in my judgment, the remand should be limited to simply the reasonable costs for the spa which would be enclosed or placed indoors. I differ with the majority opinion in that the medical necessity of placing the spa indoors, in my opinion, is a given.

I am authorized to state that Justice WUEST joins this writing.