#25167, #25194-aff in pt & rev in pt-JKM

**2009 SD 109**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LYLE G. WIEDMANN,                                    Claimant and Appellant,

   v.

MERILLAT INDUSTRIES,                                    Employer and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE LORI S. WILBUR
Judge

\* \* \* \*

MARGO TSCHETTER JULIUS of
Julius & Simpson, LLP                         Attorneys for claimant
Rapid City, South Dakota                      and appellant.

RICHARD L. TRAVIS
JASON W. SHANKS of
May & Johnson, P.C.                           Attorneys for employer
Sioux Falls, South Dakota                     and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 5, 2009

OPINION FILED **12/22/09**

MEIERHENRY, Justice

[¶1.]     Lyle Wiedmann appeals a workers' compensation claim against Merillat Industries. We reverse the circuit court in part and affirm in part and hold that Wiedmann is entitled to permanent total disability benefits and certain medical expenses as determined by the Department of Labor (DOL).

## FACTS AND BACKGROUND

[¶2.]     Wiedmann was injured on March 21, 1994, when he was an employee at Merillat. Merillat conceded Wiedmann was entitled to workers' compensation benefits as a result of the work-related injury, but disputed Wiedmann was permanently totally disabled. In *Wiedmann v. Merillat* (*Wiedmann I*), 2001 SD 23, 623 NW2d 43, we affirmed the DOL's denial of permanent total disability benefits because Wiedmann refused to participate in a pain management program. Approximately seven years after we decided *Wiedmann I,* Wiedmann petitioned the DOL to review his request for permanent total disability. Wiedmann claimed he had completed the required pain management program without any improvement in his condition. The DOL granted Wiedmann's petition for review and ultimately determined he was entitled to permanent total disability benefits and certain medical expenses. Merillat appealed to circuit court. The circuit court reversed the DOL's determination of permanent total disability, but affirmed the determination as to medical expenses. Both parties raise issues on appeal.

## ANALYSIS

[¶3.]     The threshold issue is whether the 2001 decision denying Wiedmann's claim for permanent total disability can be reviewed. The DOL determined that his

claim could be reviewed; the circuit court determined it could not. Under South

Dakota law, the DOL may review a worker's compensation disability claim if there

is a change in the claimant's condition. SDCL 62-7-33.[1] The DOL determined that

Wiedmann had met his burden of showing a change in his condition. The DOL

concluded that "given the procedural and factual history of this case, [Wiedmann's]

participation in the pain management program is enough to show a change in

condition." Specifically, the DOL interpreted our holding in *Wiedmann I* to mean

"that [Wiedmann] had to undergo a pain management program before his claim for

permanent total disability could be accepted or evaluated." We hold that the DOL's

interpretation was correct.

[¶4.]     In Wiedmann's original 1997 claim for permanent total disability, he

claimed he was unable to work because of severe and debilitating pain. *Wiedmann

I*, 2001 SD 23, ¶8, 623 NW2d at 46. As part of the 1997 findings, the DOL

emphasized the significance of pain management treatment to Wiedmann's

disability assessment. The DOL found that in May 1996, Wiedmann "expressed a

---

1.      SDCL 62-7-33 provides as follows:

> Any payment, including medical payments under § 62-4-1, and
> disability payments under § 62-4-3 if the earnings have substantially
> changed since the date of injury, made or to be made under this title
> may be reviewed by the Department of Labor pursuant to § 62-7-12 at
> the written request of the employer or of the employee and on such
> review payments may be ended, diminished, increased or awarded
> subject to the maximum or minimum amounts provided for in this
> title, if the department finds that a change in the condition of the
> employee warrants such action. Any case in which there has been a
> determination of permanent total disability may be reviewed by the
> department not less than every five years.

willingness to try a pain management clinic," but Merillat would not authorize payment because he showed "some progress in working longer hours." At that time he was working six and seven hours a day. In January 1997, Wiedmann began leaving work after about four hours because of the pain he was experiencing. Merillat then authorized his participation in a pain management clinic; however, Wiedmann declined to participate based on advice from his doctor and lawyer. The DOL found it could not determine whether the pain management clinic would be successful in improving his condition without Wiedmann's participation. The DOL determined that Wiedmann "should, at a minimum, at least be evaluated [by the clinic] to determine the likelihood of success. Until such time, [Wiedmann] cannot argue that his pain prevents him from working full-time, especially when he demonstrated the ability to work close to full-time." On appeal, we agreed and stated, "A claimant cannot claim to be permanently and totally disabled because of debilitating pain and then refuse to participate in the only medical program designed to address his condition." *Id.* ¶25.

[¶5.] Since the 1997 hearing, Wiedmann entered the pain clinic program at Black Hills Rehabilitation Hospital and successfully completed the program in 2001. Thereafter, Wiedmann continued the treatment instituted at the pain clinic as recommended. The continued treatment included biofeedback, periodic injections for pain relief, and a regular exercise program at the YMCA. Even so, he was unable to continue working for Merillat because of the pain. In the 2007 review hearing, the DOL determined that Wiedmann's pain complaints were credible, his pain was severe and debilitating, and he was permanently totally disabled.

[¶6.]     Merillat argues that the DOL erred in reviewing Wiedmann's case because Wiedmann had not shown his condition had changed. Merillat contends that Wiedmann is bound by his 1997 testimony wherein he claimed he was unable to work because of intolerable and intense pain. Merillat also asserts Wiedmann has not shown a change in his condition because he makes the same claim of debilitating pain as he did in 2001. *See* Guthmiller v. S.D. Dep't of Transp., 502 NW2d 586, 589 (SD 1993) ("[A] party cannot claim the benefit of a version of the facts more favorable than given in testimony.") Merillat relies on *McDowell v. Citibank*, in which we said, "[A]s a general rule, a change in condition for reopening must be a change in the physical condition of the employee, affecting [his] earning capacity." 2007 SD 52, ¶14, 734 NW2d 1, 6 (citations omitted). Merillat argues that assessing a change in condition requires "a comparison between the claimant's former disability and present disability." *See id.* ¶12 (citing 8 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* §131 (2006)). Merillat contends that because Wiedmann's physical condition has not changed since his initial injury, he is not entitled to reopen his claim.

[¶7.]     We acknowledge that, as a general rule, a claimant must show a change in condition in order to reopen his claim.[2] Generally, this would involve a comparison of the claimant's physical condition over time. Nevertheless, reviewability of a claim depends on the factual and procedural circumstances of the

---

2.     We have previously recognized certain circumstances when DOL can retain jurisdiction without showing a change in condition. For example, "we have recognized that administrative agencies have the power to reserve

(continued . . .)

individual case. Because of the factual and procedural history of *Wiedmann I,* this case is an exception to the general rule. What is important to our analysis is the DOL's 1997 decision, not Wiedmann's 1997 evidentiary stance. In 1997, the DOL questioned the degree of pain asserted by Wiedmann and declined his claim for permanent total disability because he had not participated in the pain management program. The DOL determined that an assessment of his condition depended on completing the pain management program. Because Wiedmann subsequently completed the pain management program, the DOL's review of his claim was not in error. Merillat and the circuit court erroneously ignored the DOL's 1997 determination. Based on the facts and procedural history of this case, Wiedmann was entitled to a hearing in order to determine the effect of the pain management program on his claim for permanent total disability. We reverse the circuit court and affirm the DOL's decision on this issue.

[¶8.]        Merillat raises two issues on review. Merillat claims (1) the DOL erred in determining that Wiedmann was entitled to permanent total disability, and (2) that the circuit court and the DOL erred in determining that certain medical treatments were compensable. Merillat argues Wiedmann did not prove permanent total disability because he was not obviously unemployable. Merillat also argues that certain treatments were not necessary or reasonable. Merillat relied on the opinion of its expert, Dr. Farnham, in support of its claims. The DOL, however,

_____

(. . . continued)
       jurisdiction." Whitney v. AGSCO Dakota, 453 NW2d 847, 850 (SD 1990)
       (citing Call v. Ben. & Protec. Order of Elks, 307 NW2d 138 (SD 1981)).

rejected Dr. Farnham's opinions and found the opinion's of Wiedmann's experts more persuasive. A review of the record supports the DOL's findings. We affirm the issues raised by Merillat.

[¶9.]        GILBERTSON, Chief Justice, and KONENKAMP and SEVERSON, Justices, concur.

[¶10.]        ZINTER, Justice, deeming himself disqualified, did not participate.