Argued and submitted July 6, reversed and remanded for reconsideration
September 5, 1990

In the Matter of the Compensation of
Frank L. Stoddard, Claimant.

Frank L. STODDARD,
*Petitioner,*

*v.*

CREDIT-THRIFT CORPORATION
and Standard Fire Insurance,
*Respondents.*

(84-10872; CA A63057)

796 P2d 1249

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were Richard T. Kroff and Emmons, Kropp, Kryger, Alexander & Egan, P.C., Albany.

No appearance for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant petitions for review of an order of the Workers' Compensation Board affirming the referee's order denying funds for the modification of his home and the removal of architectural barriers. We reverse and remand.

In 1971, claimant became quadriplegic as a result of a work-related injury. He was granted permanent total disability and has attendants to care for his needs 24 hours a day. Until recently, he lived in a home in Corvallis, which he had paid to have remodelled to accommodate his wheelchair and other needs. Employer had paid for installation of an air conditioner, which had been prescribed by claimant's doctor.

As the result of a divorce, claimant could no longer afford to live in his Corvallis home, and he sold it and moved to a new home in Salem. Employer denied his request for funds for the remodelling of his new home, including the widening of the doors to his bedrooms and one bathroom so that he can enter those rooms in his wheelchair; the replacement of his bedroom window with a patio door as an emergency exit; the remodelling of one bathroom so that he can more readily use the shower and the toilet; replacing the wooden ramp to his front door with a concrete ramp with railings, and the construction of a cover from the house to the garage, to make access to the house more convenient. Employer also denied his request for an air conditioner, modifications to his van and payment for certain items prescribed by his doctor, including a stand-up table, a Hoyer lift, a commode shower, a trapeze sling and a digital stimulator.

The referee and the Board allowed claimant to be reimbursed for all of the prescribed items. They denied the compensability of the modifications to his house. The referee held that remodelling of a home is not the type of service for which compensation is allowed under ORS 656.245(1), relying on *Lorenzen v. SAIF,* 79 Or App 751, 719 P2d 1336 (1986). ORS 656.245(1) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services

shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."

The Board did not reach the issue of whether the remodelling was a covered service under ORS 656.245(1). Instead, it held:

"Although we agree that the use of shower facilities would provide some degree of independence for claimant, the record does not show that claimant would be able to perform this or other tasks without the assistance of caregivers. Thus, there is no need to decide whether such a service is covered under ORS 656.245(1), since even if it were covered, the service would not be reasonable and necessary in this case."

The Board did not discuss the requested architectural changes separately; we assume, therefore, that it intended its conclusion to apply to all of the proposed modifications.

In order to be compensated for the requested services, claimant must show that they are necessary for the "nature of the injury or the process of recovery." ORS 656.245(1). There is no medical evidence to that effect; however, a specialist in providing equipment for people with physical disabilities testified that doctors recommend that quadriplegics be as independent as possible. Both that witness and claimant testified that the requested changes would enable claimant to be more self-sufficient.

The Board's reason for concluding that the services are not reasonable and necessary is not clear. It apparently relied on the fact that, even with the changes, claimant would still need the assistance of caregivers. If that is a test for whether a requested service is reasonable and necessary, we are not aware of the authority for it, and many services that are authorized and were authorized here would not come within the statute. If, as the Board acknowledges, the requested changes would make claimant more independent, that is at least some evidence that the changes are necessary because of the nature of claimant's injury and the process of recovery. The Board should explain why the fact that claimant will continue to need caregivers makes the services not compensable under ORS 656.245(1).

Additionally, the Board's denial of claimant's request

for the widening of his bathroom door to permit his entering without assistance appears to be inconsistent with its allowing reimbursement for the commode shower, which can only be used in the bathroom and which he can use only with assistance. On reconsideration, the Board should explain that apparent inconsistency.

Reversed and remanded for reconsideration.