Dennis WILDMAN, Claimant–
Respondent,

v.

PLAZA MOTOR COMPANY,
Employer–Appellant.

No. 71179.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1997.

Gilbert D. Connor, St. Louis, for Appellant.

Kenneth A. Leeds, Law Offices of Roskin and Leeds, Clayton, for Respondent.

HOFF, Judge.

Employer, Plaza Motor Company (Plaza Motor), appeals from a decision of the Labor and Industrial Relations Commission (Commission) finding that Plaza Motor is liable to employee, Dennis Wildman (Wildman), for future dental benefits and replacement of artificial dental devices as a result of an accident and injury Wildman sustained during employment. We affirm.

At the hearing before the Administrative Law Judge (ALJ) the parties stipulated to the facts and to the introduction of medical records and depositions. The facts indicate that on March 10, 1992 while working at Plaza Motor, Wildman was injured when a customer opened a car door striking Wildman in the mouth, causing a fracture and

loss of a lower tooth and the necessary removal of his four remaining natural teeth.

The medical records of his treating dentist, Dr. Zawalnicki, D.D.S., indicate that before the accident, Wildman had five natural lower teeth. He had no natural upper teeth. He wore a full upper denture and a partial lower denture that was anchored by the natural lower tooth that was fractured and lost as a result of the accident.

The deposition testimony of Dr. Lester C. Joern, Jr., D.D.S., and Wildman's medical records indicated that Wildman would have needed to replace both dentures within the next five years had this accident not occurred.

After the accident, Wildman had five dental posts implanted into his lower gum and was fitted with a lower denture that attached to the implants. Dr. Joern's testimony reflects his opinion that Dr. Zawalnicki's treatment of Wildman was proper and necessary because Wildman had no support for a replacement lower denture. Dr. Joern testified Wildman's bony ridge upon which a denture rests had deteriorated and would continue to do so with a lack of any natural teeth. Both doctors opined the new lower denture would need to be replaced once or twice within the next thirty years, but that small removable portions of the lower denture would need to be replaced semi-annually. Additionally, Dr. Zawalnicki's records indicate the implants and new denture would require professional cleaning three times a year.

Based on the evidence presented, the ALJ found that Wildman sustained a permanent partial disability of five teeth resulting in a disability of 6.25 weeks. The ALJ further found the employer liable for future medical care and replacement of artificial devices. The Commission affirmed the ALJ decision and adopted the ALJ's Findings of Facts and Conclusions of Law. One Commissioner filed a dissent.

The only issue on appeal is whether Plaza Motor should be responsible for Wildman's future dental care related to his dental implants and dental prosthesis.

Our review of the Commission's decision is controlled by § 287.495 RSMo 1994[1] as stated:

* * *

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

On appeal, Plaza Motor argues that the Commission erred in finding that Wildman was entitled to lifetime cleaning and replacement of his artificial dental devices under §§ 287.140.1, 287.020.3, and 287.140.8 of the Workers' Compensation Act (Act).

Section 287.020.3(3) defines the terms injury and personal injury as:

... violence to the physical structure of the body and to the personal property which is used to make up the physical structure of the body, such as artificial denture, artificial limbs, glass eyes, eyeglasses, and other prostheses which are placed in or on the body to replace the physical structure and such disease or infection as naturally results therefrom....

■ From this section, it is clear that the Act requires an employer to compensate an employee for injuries to a part of the body that may have been previously replaced by an artificial device.

Section 287.140.1 states in part:

In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after

1. Hereafter, all reference to statutory sections refer to RSMo 1994.

the injury or disability, to cure and relieve from the effects of the injury.

Section 287.140.8 states:

The employer may be required by the division or the commission to furnish an injured employee with artificial legs, arms, hands, surgical orthopedic joints, or eyes, or braces, as needed, for life whenever the division or the commission shall find that the injured employee may be partially or wholly relieved of the effects of a permanent injury by the use thereof.

These sections read together indicate that the employer is required to provide future medical care and artificial devices to relieve the effects of work-related injuries. In this case, medical care includes dental care. Likewise, we do not read the list of artificial devices in § 287.140.8 to be exclusive. Section 287.140.8 requires employers to provide artificial devices for work-related injuries to its employees. The legislature could not be expected to include in this section an exhaustive list of every possible artificial device available currently or in the future.

One of the purposes of the Workers' Compensation Act is to place the burden of paying for injured workers on the employers instead of the public. *Page v. L.A. Green*, 686 S.W.2d 528, 530–31 (Mo.App. S.D. 1985). The Act is to be interpreted liberally which means that "benefits should be extended to the largest possible class of workers and the denial of those benefits should be decreed to the smallest possible class." *Id.* at 531.

We interpret the Act liberally in light of its purpose to extend the benefits to the largest possible class of workers.

We find the Commission's award to Wildman of future dental benefits, including replacement of artificial dental devices, was supported by the Act and by competent and substantial evidence on the whole record.

Judgment affirmed.

CRAHAN, P.J., and GRIMM, J., concur.