Kenneth HALL, Employee/Respondent,

v.

FRU CON CONSTRUCTION CORP.,
Employer/Appellant.

No. ED 78355.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 1, 2001.

Application for Transfer Denied
June 26, 2001.

James E. Laramore, Cape Girardeau, MO, for appellant.

Thomas J. Gregory, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Fru Con Construction Corp. ("employer") appeals the judgment of the Labor and Industrial Relations Commission ("Commission") awarding Kenneth Hall ("employee") permanent total disability benefits, past nursing care, future medical and nursing care, and home modifications. The Commission affirmed the Administrative Law Judge's ("ALJ") decision, but clarified the decision regarding modifications required to employee's home. We affirm.

Employee was employed as a truck driver for employer since the early 1970's. On September 9, 1994, employee was injured while unloading a trailer for employer. A pipe weighing approximately one thousand pounds rolled off the trailer and struck employee in the back. Employee sustained a transection of his spinal cord resulting in complete and total thoracic paraplegia with total paralysis of his lower extremities, loss of sensation below his ribs, loss of sexual function, and loss of control of his urine and bowel functions. He remained hospitalized until November 1994.

In May 1995, employee returned to work for employer working four hours per day as a dispatcher. In July 1995, employee returned to full-time duty performing various tasks around the office. In July 1998,

employee was laid off and has not worked since that time.

■ "This court may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence on the whole record." *Mann v. Varney Constr.*, 23 S.W.3d 231, 232 (Mo.App.2000); section 287.495 RSMo (Supp.1999) [1].

■ In its first point on appeal, employer claims the Commission erred in entering an award for past nursing care costs. Employer alleges that (1) no past nursing care costs were requested by employee at the hearing and the issue was not presented as one in dispute by the ALJ; (2) no facts were presented to support that employer had notice of employee's need for nursing care or that employee ever demanded nursing care; and (3) no evidence was presented by employee to show the time spent by wife for nursing care, the reasonable expense for such care, or the duties performed by wife.

Employee's claim for compensation pleaded injury to his neck, back, arms, legs, body, and paraplegia. The exact nature of any permanent injury was to be determined. He asked for compensation to be determined "as per [the] act." At the beginning of the hearing the court set out the issues in dispute for the parties:

THE COURT: It is my understanding that the issues for resolution at this hearing are; one, future medical care and/or nursing care; two, nature and extent of temporary total disability representing a possible underpayment of TTD benefits; and three, nature and extent of either permanent partial dis-

ability or permanent total disability . . . Do you agree with what I've dictated for the record?

MR. GREGORY: I do on behalf of the employee, Judge.

THE COURT: Mr. Billmeyer, do you agree with what I've dictated for the record?

MR. BILLMEYER: Yes, ma'am, on behalf of the insurer and we will.

Employer's claim that past nursing care was not requested by the employee at the hearing and was not presented as one in dispute by the ALJ fails. Initially, the statement of the disputed issues by the ALJ indicated nursing care as an issue in dispute. After the deposition of Barbara Barrett, R.N. ("Nurse Barrett"), where she indicated that employee was presently in need of nursing care, which had previously been performed by his wife, employer was aware past nursing care was a disputed issue. During cross-examination of Nurse Barrett by employer's attorney, she was asked specifically about past nursing care performed by employee's wife. Nurse Barrett testified that employee's wife had been providing the services needed by employee. Competent evidence supports that past nursing care was a disputed issue at the hearing.

■ Employer next claims that no notice was given to employer of employee's need for past nursing care. An award for past nursing care is allowable only when the employer had notice of the employee's need for such care or when the employee demanded care and the employer refused, failed or neglected to provide the care. *Breckle v. Hawk's Nest, Inc.*, 980 S.W.2d 192, 194 (Mo.App.1998). Although employee never specifically requested nursing care from employer, the facts indicate that

1. All statutory references are to RSMo. (Supp. 1999) unless otherwise indicated.

employer had notice of employee's need for nursing care. Employee spent approximately three months in the hospital following the accident, which left him paralyzed. Upon release from the hospital, Dr. Sohn indicated in his report that employee had become independent in many daily activities but required moderate or standby assistance in other areas including floor transfers, bed mobility and transfers, car transfers, and curb navigation. Employer also was aware of the accommodations that had to be made for him at work and the limitations and assistance he needed in daily activities. Competent evidence supports a finding that employer had notice of the need for nursing care.

■ Employer also claims that no evidence was presented by employee to show the time spent by wife for nursing care, the reasonable expense for such care, or the duties performed by wife. As stated in the ALJ's finding's of fact and rulings of law, the Commission's award for past nursing care was based on Nurse Barrett's testimony as to the amount of time spent daily by wife assisting in non-spousal duties and the charges for these types of services. Nurse Barrett indicated that employee needs assistance for showering, dressing, meals, cooking, laundry, and housekeeping. Four hours per day would be required for these services, costing approximately $15.00 per hour. Employee also needs assistance getting into bed at night, requiring an additional hour of services, costing approximately $45.00.

We find competent evidence supports the award of past nursing care for wife's services. Point denied.

■ In its second point on appeal, employer argues the Commission erred because substantial evidence does not support the award for future nursing care. We find that competent evidence supports the Commission's award of future nursing

care. In adopting the ALJ's findings, the Commission found the testimony of Nurse Barrett and Dr. Sohn "unrebuttable and credible." Nurse Barrett indicated that employee's wife assists employee in showering, dressing, meals, cooking, laundry, housekeeping, exercising, and getting into bed at night. Dr. Sohn testified that employee's wife was doing a stretching program with employee to relieve spasms in his legs. In addition, Dr. Sohn testified that employee could be independent in cooking, laundry, showering and shopping only if he had accessible facilities. The record indicates employee's home is not accessible to allow for his independence. The types of duties performed by employee's wife are beyond that of spousal duties and are compensable. *Breckle,* 980 S.W.2d at 194. Based on the testimony of Nurse Barrett and Dr. Sohn, competent and substantial evidence supports the award of future nursing care. Point denied.

In his third point on appeal, employer contends that the Commission erred in entering an award for modifications to the employee's home because such modifications are not considered medical treatment as defined in section 287.140.1 RSMo or artificial devices as described in section 287.140.8 RSMo. This is an issue of first impression in Missouri.

The Commission's finding relies on *Mickey v. City Wide Maintenance,* 996 S.W.2d 144 (Mo.App.1999) in allowing modifications to employee's home. In *Mickey,* the court found that although van modifications are not specifically mentioned in the statute, under the facts of the case, the van modifications were required to avoid future harm to claimant. *Mickey,* 996 S.W.2d at 151. In *Mickey,* the claimant was having difficulty maneuvering himself and the wheelchair in and out of the vehi-

cle. *Id.* at 146. Claimant was also having back spasms and pain, which were at least in part attributed to maneuvering himself in and out of the vehicle. *Id.* The court ruled that "[a]lthough van modifications are not specifically mentioned in [section 287.140.1], it is a form of medical treatment designed 'to cure and relieve from the effects of the injury.'" *Id.* at 151. The court relied on a number of cases in other jurisdictions with similar statutes to Missouri, which allowed van modifications. *Id.* at 150.

Cases in other jurisdictions with statutes similar to Missouri have approved of home modifications.[2] In *Rieger v. Workman's Compensation Appeal Bd.*, 104 Pa.Cmwlth. 42, 521 A.2d 84, 87 (1987), the court held that home modifications were within the definition of "orthopedic appliance" stating that "if a wheelchair is necessary, then it logically follows that minor modifications needed to facilitate the use of the appliance must also be considered a necessity." Likewise, in *R & T Constr. v. Judge*, 323 Md. 514, 594 A.2d 99, 107 (1991), the court held that medical treatment includes reasonable modifications to a claimant's home, which allow necessary access for claimants confined to wheelchairs as a result of their compensable injuries. Ultimately, *R & T Constr.* did not allow home modifications because the modifications went beyond access for necessities. *Id.* at 108. As cited in *Mickey*, however, the court did recog-

nize that "[t]he intent of the act is not that claimant be forced either to rely upon the charity of his family and friends or to rely upon hired assistance in order to perform those daily tasks, duties, and business ... he was previously able to perform, when a simple ... remedy is available." *Mickey*, 996 S.W.2d at 151 (quoting *R & T Constr.*, 594 A.2d at 105).

■■■ The purpose of the Workers' Compensation Act is to place the losses sustained by employees as a result of their employment on industry. *Rogers v. Pacesetter Corp.*, 972 S.W.2d 540, 542 (Mo.App. 1998). We liberally construe the act to effectuate that purpose and humane design. *Id.* at 543. Sections 287.140.1 and 287.140.8 "read together indicate that the employer is required to provide future medical care and artificial devices to relieve the effects of work-related injuries." *Wildman v. Plaza Motor Co.*, 941 S.W.2d 718, 720 (Mo.App.1997). We also "do not read the list of artificial devices in section 287.140.8 to be exclusive." *Id.* Given that wheelchairs fall under the statute, it would logically follow that modifications to employee's home should be covered under the act to allow him to use his wheelchair. *See Rieger*, 521 A.2d at 87. As determined by the Commission, modifications to employee's home including modifications to the bathroom to make the shower wheelchair accessible, the bedroom to make the clos-

---

2. *See Stoddard v. Credit—Thrift Corp.*, 103 Or. App. 283, 796 P.2d 1249 (1990) (reversing and remanding a denial of home modifications indicating that requested changes, which make claimant more independent are at least evidence that the changes are necessary); *Squeo v. Comfort Control Corp.*, 99 N.J. 588, 494 A.2d 313 (1985) (holding that construction of an apartment addition to claimants parent's home was reasonable and necessary under the circumstances); *Pine Bluff Parks and Recreation v. Porter*, 6 Ark.App. 154,

639 S.W.2d 363 (1982) (ordering employer to assume the part of the rental cost for claimant to live in a project designed for paraplegics); *Peace River Elec. Corp. v. Choate*, 417 So.2d 831 (Fla.Dist.Ct.App.1982) (ordering that claimant be awarded rent-free use of a wheelchair—accessible modular home where his home could not be remodeled); *Zylbergleit v. Irving Rubber & Metal Co.*, 87 A.D.2d 929, 450 N.Y.S.2d 87 (1982) (allowing an elevator chair for access to claimant's second floor apartment).

ets accessible for his use, and the kitchen to make the appliances accessible, and adding a wheelchair ramp on the front of the home, would improve his medical condition and allow him to function more independently and require less nursing care.[3] Without the necessary modifications to his home, employee will be forced to rely on nursing care to perform daily activities. By making these modifications, the employer may avoid a portion of the costs for future nursing care.

 Further, employee's "effort to remain independent should not be thwarted." *Mickey,* 996 S.W.2d at 151. When a simple remedy exists, employee should not be forced to rely on the care of others to perform tasks he was able to perform independently prior to the injury. *Id.* at 151; *R & T Constr.,* 594 A.2d at 105. We find that the medically necessary modifications to employee's home fall within sections 287.140.1 and 287.140.8. Point denied.

The award of the Commission is affirmed.

WILLIAM H. CRANDALL, Jr. and JAMES R. DOWD, JJ., concur.

---

**3.** It should be noted, although not in issue, that the Commission denied modifications to allow for his wife to sleep in the same bedroom as employee because it found this was not a necessity but a convenience.