**Kenneth HALL, Respondent,**

v.

**FRU–CON CONSTRUCTION CORPORATION, Appellant.**

**No. ED 81510.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 25, 2003.

Richard Hughes, St. Louis, MO, for Appellant.

James E. Laramore, Jeffrey L. Spray, Cape Girardeau, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Kenneth Hall (hereinafter, "Claimant") filed a petition in circuit court to enter judgment of an award entered by the Labor and Industrial Relations Commission and affirmed by this Court, granting Claimant compensation pursuant to Section 287.500 RSMo (2000). Fru–Con Construction (hereinafter, "Employer") appeals the entry of this judgment, claiming the judgment is void because it is not the same award as decided by the prior rulings. We affirm.

The underlying factual background detailing Claimant's injuries which resulted in his paraplegia and the award against Employer are set forth in this Court's prior opinion, *Hall v. Fru Con Const. Corp.*, 46 S.W.3d 30 (Mo.App. E.D.2001). We will recite the facts as needed to address the issues of law.

Employer raises three points in this appeal. It alleges that the trial court's judgment: (1) was void because the provisions requiring Employer to make modifications to the residence and provide nursing care are impermissibly indefinite; (2) was impermissibly indefinite to permit five hours of nursing care per day; and (3) failed to conform with the final award of compensa-

tion in that the nursing care was limited and not payable to Claimant's wife. We disagree.

The issue in this appeal is whether the trial court properly entered a judgment which reflected the prior award to Claimant. "The common-law doctrine of res judicata precludes relitigation of a claim formerly made." *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002). We will not relitigate issues which have been decided on direct appeal following the award of compensation by the Labor and Industrial Relations Commission.

Appeal of a judgment entered pursuant to Section 287.500 RSMo (2000) allows Employer to attack the judgment as being void. *Brown v. Color Coating, Inc.,* 867 S.W.2d 242, 244 (Mo.App. S.D.1993). "A judgment which is indefinite is void and unenforceable." *Id.* Hence, we look to the validity of the judgment.

The judgment issued by the trial court allowing Claimant to enforce the award of the Labor and Industrial Relations Commission, which was affirmed by this Court, is valid. A valid judgment fixes "the rights and responsibilities of the parties, with the obligor's duties readily understood so as to be capable of performance, and with the clerk able to issue, and the sheriff to levy, execution." *Payne v. Payne,* 695 S.W.2d 494, 497 (Mo.App. S.D.1985). In all respects, the judgment mirrors the award. It specifically sets forth what modifications Employer is required to make so that Claimant can function in his own home. It further calculates the amount of money owed to Claimant due to Employer's failure to provide nursing care based upon the specific amount awarded by the Labor and Industrial Relations Commission. Further delay by Employer in complying with this judgment could be considered contemptuous.

The judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.